## Benjamin Chappee and John S. Newberry vs. Esther Thomas.

The Section in the Justices' Act of 1855 (*Compiled Laws*, § 3683), authorizing the issuing of a warrant in an action on contract, on the ground *solely* of the *nonresidence* of defendant, conceded to be unconstitutional by counsel and the Court.

Where a cause has been tried in Justice's Court on an issue of fact, and an appeal is taken on an affidavit which is general, and relates only to the judgment on the merits, such appeal brings up only this issue of fact for trial; and the appellate court can take no notice of errors in the process, or erroneous decisions of the justice, in proceedings preliminary to such issue. If the appellant desire the Circuit Court to review the decisions of the justice, on his objections to process, pleadings, or proceedings, anterior to the trial, he must set forth such objections specifically in his affidavit for appeal.

The provision in the Justices' Act of 1855 (*Compiled Laws*, § 3866), authorizing the Circuit Court, on rendering judgment against the appellant, to enter it, on motion, against the surety on the appeal also, is not unconstitutional. The bond being executed with reference to, and in accordance with, the statute, is to be treated,

in all respects, as if the whole of the statute in reference to the appeal, the bond, and mode of entering up judgment upon it, were recited at large therein, and in this view it becomes a direct and binding assent to, and authority for, the entry of the judgment in this manner.

*Heard May 8th.   Decided May 12th.*

Error to Wayne Circuit.

Thomas commenced, by warrant, an action against Chappee, on contract, before a justice of the peace. The affidavit upon which the warrant issued, set forth the non-residence of Chappee as the sole ground for applying therefor.

Chappee was arrested on the warrant, and taken before the justice, where the plaintiff appeared and declared in assumpsit, and the defendant, still in custody, pleaded the general issue. A trial was had, and judgment rendered for plaintiff, from which Chappee took an appeal to the Circuit Court, making therefor the general affidavit, and giving bond, with Newberry as his surety. All these occurrences, from the making of the affidavit for warrant to the taking of the appeal inclusive, took place in one day.

In the Circuit Court, on the first day of term, Chappee made a motion (by attorneys appearing specially for the purpose), to dismiss the cause and quash all the proceedings, on the ground that the proceedings before the justice were void for want of jurisdiction of the process issued, or of the person of the defendant; which motion was denied, and the parties went to trial on the merits, before a jury. The jury having rendered a verdict for Thomas, judgment was, on motion, rendered against both Chappee and Newberry his surety on the appeal.

A writ of error was brought on this judgment.

*Towle, Hunt & Newberry,* for plaintiffs in error:

The justice had no authority to issue warrant in this cause — the provision in the Justices' Act authorizing such arrest being unconstitutional. Chappee, by pleading to the merits, did not waive this objection, because at the time under duress of imprisonment. — *Reynolds vs. Orvis,* 7 Cowen,

269; *Brodhead vs. McConnell*, 3 *Barb.* 175, 190; *Norton vs. Danvers*, 7 *Term R.* 371; *Washburn vs. Phelps*, 24 *Vt.* 506; *Robinson vs. West*, 11 *Barb.* 310; *Thompson vs. Lockwood*, 15 *J. R.* 256; *Boutel vs. Owen*, 2 *Sandf. S. C.* 655; *Stevens vs. Townsend*, 1 *Mich.* 96. Besides, this proceeding was a *nullity;* and a nullity can not be waived, though an irregularity may.— *Carlisle vs. Weston*, 21 *Pick.* 536; *Case vs. Humphrey*, 6 *Conn.* 139; *Hussey vs. Wilson*, 5 *Term R.* 254; *Osgood vs. Thurston*, 23 *Pick.* 110; *Staples vs. Fairchild*, 3 *Comst.* 41; *Matter of Hurd*, 9 *Wend.* 465; *Matter of Faulkner*, 4 *Hill*, 598.

The objection of want of jurisdiction can be taken in the appellate court.— *Wells vs. Scott*, 4 *Mich.* 348, *and cases cited*; *Collins vs. Woodruff*, 4 *Eng.* 463, 465; *Shaw vs. Moser*, 3 *Mich.* 71.

The judgment rendered against Newberry, was in violation of Secs. 27 and 32 of Art. VI. of the Constitution.— *Hughes vs. Hughes*, 4 *T. B. Monr.* 42; *Littell's Prin. Law & Eq.* 63.

*Howard, Bishop & Holbrook*, for defendant in error:

Admitting that the warrant ought not to have issued, it was too late to take the objection after issue on the merits, trial, and appeal. The party has waived the irregularity.

Again, the affidavit and warrant, which were made the basis of the motion in the Circuit Court to quash the proceedings, constitute no part of the record, and, therefore, can not be regarded. The issue of fact alone was brought to the Circuit Court by the appeal.— *Swartwout vs. Roddis*, 5 *Hill*, 118; *Wood vs. Randall, Ibid.* 264; *People vs. Judges of Branch Circuit*, 1 *Doug. Mich.* 319.

The judgment against Newberry was in accordance with law.— *Brooks vs. McIntyre*, 4 *Mich.* 316.

CHRISTIANCY J.:

If the warrant, said to have been issued by the justice in this case, was properly before us, we should probably be

compelled to treat it as a nullity; because, though such war-
rant is authorized by the express provision of Sec. 19, Chap.
117 of Compiled Laws, yet, so far as relates to the issuing
a warrant in a case on contract, *solely* on the ground of the
*non-residence* of the defendant, this provision is admitted on
all hands to be in direct conflict with Sec. 33, Art. VI. of the
Constitution of the State, and must have been inadvertently
inserted in the statute.

But the warrant, we think, is not properly before us; and
we can not, therefore, judicially, notice it; nor can we no-
tice the various questions of jurisdiction, growing out of it,
which have been raised by the counsel for the plaintiffs in
error. The affidavit of Chappee, on which the appeal is based,
is *general*, and relates *only* to the *judgment* on the *merits*.
It does *not* set forth or complain of any matters connected
with the *process*, or any questions arising upon it before the
justice, nor of any decision or ruling of the justice, but
looks only to the judgment on the merits. Any error of *this
kind*, looking to the *merits alone*, can be corrected only by
a *re-trial on the merits* in the appellate court.

It is true the statute gives to the appellant, in a certain
contingency, the right to avail himself, on appeal, of cer-
tain errors in the proceedings, and erroneous rulings and
decisions of the justice in the course of the cause, distinct
from the judgment on the merits; to this extent giving to
the appeal the characteristics of a certiorari. But, to give
to the appellant this right, and to the appeal this effect, he
must make his affidavit special, setting forth the special mat-
ters complained of. No other fair construction, we think, can
be given to the language of the statute, which, after having
provided for the affidavit on appeal in the prior portion of
section 184,* uses this language: "And in case there shall
be any objections to the process, pleadings, or other proceed-
ings, *and* to the *decision* of the *justice thereon*, which would

---

* Sec. 3836 of Compiled Laws.

not be allowed to be made on the trial of the appeal, the same may be set forth specifically in the affidavit." The clause, "the decision of the justice thereon," relates to the words, "process, pleadings, or other proceedings," and clearly implies that there must have been a decision of the justice upon such "process, pleadings, or other proceedings," to authorize an appellant to set them forth in the affidavit, or to avail himself of them in this form of proceeding. And the clause, "which would not be allowed to be made on the trial of the appeal," implies that such objections would not be allowed to be made on the trial of the appeal upon the merits, though by setting them forth specifically in the affidavit they might be adjudicated by the appellate court, as questions of law, according to sections 199 and 200 of this chapter.* Here it does not appear, nor is it claimed that there was any motion made to, or any decision of the justice had upon, the process, nor is the process alluded to in the affidavit.

But it is contended that section 194 of this chapter† requires the justice, in all cases, to return the process without reference to the affidavit. We do not think this the fair construction of this section. The previous section (193) has, we think, made provision for the return of all matters required to be returned, where the appeal is upon the merits, and the affidavit is not special; and this section 194, it appears to us, was intended to apply only to the return in answer to the special affidavit provided for by the latter portion of section 184.

The language of the first part of section 194 is as follows: "The justice, in addition to the particulars required by the preceding section, shall make a full and complete return as to all matters stated and set forth in such affidavit mentioned in the latter part of the preceding section one hundred and eighty-four." Now, this section thus far only applies in terms to the *answer or return of the justice* to the

* Secs. 3851, 3852 of Compiled Laws.    † Sec. 3846 of Compiled Laws.

*facts* specifically set forth in the affidavit; and the return of the justice might be supposed fully to meet the requirements of this portion of the section, without setting out a copy of any process or other papers; but, as such copies might be very essential to enable the appellate court to appreciate any objections based upon them, and to render the language more specific, the Legislature therefore provides, in immediate connection with the words above quoted, — "and shall also return copies of all processes, returns, pleadings, and affidavits, upon which any process issued or motion was made, and so much of the evidence and proceedings as may be necessary fully to exhibit the questions, motions, and decisions made and presented in such cause." It is quite obvious that the "questions, motions, and decisions" here mentioned do not include the judgment on the merits. It would seem, therefore, to be an obvious inference that the scope of this whole section 194 was intended to be no more extensive than the provision of the latter part of section 184 in reference to the special affidavit, and that it was simply intended to compel the justice to make a full and complete return to the special matters contained in the affidavit.

The construction contended for by the plaintiff in error would render the provision in reference to the special affidavit wholly useless, so far as the copy of the process is concerned.

The return of the justice provided for in section 193, where the affidavit is general and upon the merits, is not required to contain the process nor to refer to it.

The return of a copy of a process, then, not being required by the law in this case, is unauthorized; and the Circuit Court could take no judicial notice of it, though returned in fact; it constitutes no part of the record upon which that Court was authorized to act, and does not come judicially before us in return to the writ of error. The case in the Circuit Court could only be treated as an appeal upon the merits.

CHAPPEE vs. THOMAS.

If no motion was made in the Court below in reference to the warrant, the only remedy by which the defendant could avail himself of an objection to the warrant, in the Circuit Court, was by certiorari. If any such motion was made before the justice, the decision of the justice upon such motion, if erroneous, might have been corrected on appeal, if his affidavit had specifically set forth the error complained of.

The second and only remaining ground of error relied upon by the plaintiff in error, is—"That the judgment rendered against Newberry, the surety in the appeal-bond, upon mere motion, and without notice, and without a trial by judge or jury, was unconstitutional, and therefore null and void."

It is admitted that this mode of entering judgment against the surety is expressly authorized by section 214 of the Act in question.— Sec. 3866 of Compiled Laws.

The bond is executed and returned in all respects according to the statute, with a certificate of the justice (which the statute also requires), showing that Newberry, the surety, justified before the justice his sufficiency as such surety.

This bond is, we think, to be read in all respects as if the whole of the statute in reference to the appeal, the bond, and mode of entering up judgment upon it, were recited at large in the bond. And, in this view, it becomes a direct and binding assent to, and authority for, the entry of the judgment in this manner, and stands upon a principle analogous to that of a warrant of attorney. It is true the authority is here given to the Court, instead of one of its officers, as the attorney of the party, but this is a difference of form rather than of substance.

The constitutional prohibition against " depriving any person of his property without due process of law " was obviously intended only to protect persons from being deprived of their property *without their assent*, unless by due process of law. The Constitution would become a very

officious instrument indeed, if it sought to force its protection upon any man against his will.

A similar answer may be made in reference to the provision securing trial by jury in civil causes. This right may always be waived; and the assent of the surety to the entry of judgment, on motion, is clearly given in the bond.

The Courts of Kentucky, we are aware, have held a different doctrine upon a similar question. But the Court, in the case of *Hughes vs. Hughes*, 4 *T. B. Monr.* 42, cited by the counsel of plaintiff in error, base their decision upon a very early case in that State, and the practice under it, and pretty clearly intimate that if it were a new question they might come to a different conclusion.

MANNING and CAMPBELL JJ. concurred. MARTIN Ch. J. did not sit in this cause.

*Judgment affirmed.*