## ABBIE E. STRIKER VS. HAMDEN A. HECOX.

IN cases of special appeal from judgments, rendered by justices of the peace, under § 3,836 *C. L.*, only those questions can be taken up which arise on objections "to the process, pleadings, or other proceedings, and the decision of the justice thereon, *which would not be allowed to be made on the trial of the appeal*," and if other special points are made or raised in the affidavit for the appeal, they cannot be considered in the Circuit other than on a general appeal, the statute not having authorized them to be so taken up and heard.

Where the justice, on objection, improperly refused to receive a written instrument in evidence on the trial below, and after that, permitted the opposite party to give oral evidence of its contents, against the objection of the party who had endeavored to give the writing itself in evidence, *Held*, that though both rulings were erroneous, yet, as the same objections would be allowed to be made on the trial of the appeal, they could not be specially brought up by appeal and heard as questions of law in the Circuit Court, before the trial of the appeal on its merits, notwithstanding the party appealing had set forth these points specifically, in his affidavit, on taking his appeal.

*Semble*—That the objections to be brought up specially on appeal, must have arisen before final issue joined in justice's court.

*St. Joseph Circuit, March*, 1870.

This was an action of trespass on the case, in which the plaintiff recovered judgment on the trial before the justice, from which judgment the defendant appealed. The subject matter in

issue, was certain personal property originally belonging to the husband of the plaintiff, or to her and her husband, which the defendant was alleged to have taken and appropriated. The defendant, in his defense, claiming that he obtained title to and took the same by virtue of a written bill of sale, executed to him by the plaintiff and her husband.

On the trial below, certain questions were raised as to exempt property, and as to fraud in relation to the obtaining of the bill of sale.

The defendant offered to give in evidence in his defense the written bill of sale or chattel mortgage, but the justice, on the objection of the plaintiff, on some pretense that such an instrument was against public policy, ruled it out and refused to allow it to be read in evidence before the jury, and subsequently allowed the plaintiff, under some claim that he wanted to show fraud in the transaction, to give oral evidence to the jury of its contents, notwithstanding the defendant objected and insisted that the written instrument itself was the best evidence of what it contained. The defendant set forth both these points specially in his affidavit on appeal, and the justice made full return of the facts relative thereto to the Circuit Court. The defendant having noticed the cause for trial in the Circuit, now brings up these questions to be heard and determinied as an issue of law in this court, before proceeding to the trial of the issue of fact joined therein.

*P. Eaton*, Attorney for Plaintiff.

*Wm. Sadler and H. H. Riley*, Attorneys for Defendant.

*By the Court*, UPSON, J.—There is no question on the face of the return in this case,—if we were permitted to look into it to decide these points on the facts there presented,—but that in each instance the ruling of the justice in relation to the admissibility of the evidence was erroneous, but we do not see how these points can be brought here in this way on special appeal.

The Statute, § 3836, C. L., in relation to affidavits for appeal from the judgment of Justices of the Peace, after providing for the case of a general appeal, adds this further clause, as to

special points, viz: "And in case there shall be any objection to " the process, pleadings, or other proceedings, and the decision " of the Justice thereon, *which would not be allowed to be made* " *on the trial of the appeal*, the same may be set forth specifically " in the affidavit "

All objections to the admissibility of evidence can be raised here on the trial of the appeal, and the decisions of the Justice thereon, if erroneous, corrected by a new ruling in regard to them; consequently the statute does not comprehend them in its provisions for special points on appeal, and if they are set forth in the affidavit, it does not give this Court jurisdiction to hear and determine such questions in this way, even though the justice see fit to make special return threto.

In *Chaffee vs. Thomas*, 5 *Mich.*, 53 and 57, the court says that this clause in the appeal law, viz: "which would not be allowed to be made on the trial of the appeal," implies that such objections would not be allowed to be made on the trial of the appeal upon the merits, though by setting them forth specially in the affidavit they might be adjudicated by the appellate court, as questions of law according to sections 3851 and 3852, C. L., and in same case on page 58, they, in effect, say that a return by a justice of matters not authorized, or not required by law, could not be judicially noticed by the court and constituted "no part of the record." That the provisions in relation to special points on appeal was not intended to cover all errors that might be taken advantage of on *certiorari*, is evident from the language of the statute itself, and is incidentally illustrated by the Court in its opinion in the case of *Chaffee vs. Thomas*, already quoted. See 5 *Mich.*, 59.

An appeal brings the case into this Court for a trial anew on the merits, and leaves no judgment existing in the Justice's Court to be reversed or affirmed, in whole or in part, in this Court, as in case of à *certiorari*.

It would seem, therefore, that under the statute only such matters of alleged error as arise before the issue is fully made up can be taken up specially on appeal to the Circuit Court, and of these only such questions as would not otherwise be allowed to be raised on the trial of the appeal.

Matters that arise on the trial of the cause, like the admission or rejection of evidence, as in this case, can all be raised anew in this Court, and be ruled upon, in the trial of the appeal.

On this principle, we conclude, the Circuit Judge, in the 10th Judicial Circuit held, that error in the charge of the justice to the jury could not be taken advantage of on appeal. *Ostram vs. McQueen*, 1 *Mich. Nisi Prius*, 91. The appeal in this case must therefore be regularly brought for trial on the merits.