## HARMON *v.* METCALFE.

EQUITY PRACTICE—APPEAL—BOND—STAY OF PROCEEDINGS—
FORECLOSURE—ENROLLMENT OF DECREE—REMANDING PAPERS.

Where an appeal in a foreclosure case has been taken, without filing a bond to stay proceedings, before enrollment of the decree, and the papers have been removed to the Supreme Court, they will, on motion, be remanded to the circuit court for enrollment, to allow complainant to complete a sale of the premises.

Motion by Claude M. Harmon against Mary A. Metcalfe, impleaded with others, to return papers in foreclosure proceedings to the circuit court for enrollment. Submitted October 19, 1903. (Calendar No. 20,132.) Motion granted November 3, 1903.

On June 8, 1903, complainant obtained a decree of foreclosure of a mortgage against defendant Metcalfe, and under it caused to be published a notice of sale to take place September 10th. On August 27th complainant filed in the circuit court a *præcipe* for the enrollment of the decree. Before such *præcipe* was filed, the defendant had taken an appeal to this court, but had given no bond. The register of the court had returned the original files and papers to, and they are now on file in, this court. The sale took place in accordance with the publication, and the commissioner asks for a certificate of enrollment before executing a deed to complainant, who was the purchaser. Complainant now moves for a return of these papers to the circuit court, in order that they may be there enrolled, so that he may obtain his deed.

*John H. Goff*, for the motion.

*James Swan*, contra.

Grant, J. (*after stating the facts*).   Prior to 1899, the defeated party in chancery cases was required, as a condition of his appeal, to give a bond conditioned for the performance or satisfaction of the decree.   1 Comp. Laws, § 550.   That section was amended by the legislature of 1899 (Pub. Acts 1899, Act No. 243 ), providing that:

" The court from whose decree said appeal shall be taken and perfected shall not stay proceedings in said cause for a longer period than until said appeal shall have been taken and perfected unless the party taking such appeal shall, within such time, file with the register of said court a bond to the appellee or appellees, with sufficient surety or sureties, to be approved by a circuit judge or circuit court commissioner of said county, and with such penalty as such judge or commissioner shall approve, conditioned for the performance or satisfaction of the decree or final order of the Supreme Court in the cause, and payment of all costs of the appellee or appellees in the matter of appeal."

The evident purpose of this amendment was two-fold : (1) To permit appeals in chancery without giving a bond; (2) to permit the appellee to proceed to enforce his decree as in suits at law, unless a bond for stay of proceedings be given.   The appellee, as in suits at law, assumes the risk of reversal in the appellate court, and the proceedings subsequent to decree are, of course, void if the decree is reversed. If affirmed, the appellee saves time, which may be of con-. siderable value to him.

Section 463, 1 Comp. Laws, provides for an enrollment of the decree after 30 days " if no appeal therefrom shall have been entered in the minutes of the court."   This provision is the same as in the statute of 1846.   Rev. Stat. 1846, tit. 21, chap. 90, § 58.   No claim of appeal was necessary.   *Covell* v. *Mosely*, 15 Mich. 514.   The bond was the only paper to be filed.   The bond stayed all further proceedings in the circuit court.   Whether section 463 refers to entering the bond or entering the fact that an appeal had been taken is of no consequence.   The act of 1899, doing away with the bond, and permitting further proceedings in the circuit court, is a modification of section 463,.

and authorizes an enrollment, though the appeal be entered in the minutes of the court. It is true that an appeal transfers the cause to this court, to be heard *de novo;* but it is the same case that was heard in the lower court, and the decree is there entered in the journal of the court. The legislature may properly provide for proceedings in the lower court after appeal without bond. Having so done, it follows that the appellee is entitled to the enrollment in the court below as a part of the proceedings subsequent to decree. The papers, after enrollment, will be returned to this court.

Motion granted.

The other Justices concurred.