HAYWARD v. O'CONNOR.

APPEAL AND ERROR—TAX PROCEEDINGS—BOND.

An appeal from an order overruling a motion to vacate an order dismissing a petition to set aside a certain tax sale and deed is a general appeal in chancery, in which no bond is required except to stay proceedings. Section 550, 1 Comp. Laws, as amended by Act No. 243, Pub. Acts 1899.

Petition by Zachariah Hayward against William O'Connor, trustee, and James B. Bradley, auditor general, to set aside a tax deed: On motion of defendant O'Connor to dismiss an appeal from a decree dismissing the petition. Submitted November 14, 1905. (Calendar No. 21,384.) Motion denied December 5, 1905.

*Albert McClatchey*, for the motion.

*Louisell & Nevius*, contra.

OSTRANDER, J.   Appellee O'Connor moves to dismiss the appeal of Hayward to this court from an order and decree of the circuit court for the county of Benzie, in chancery, made August 23, 1905, dismissing his petition, and a like appeal from an order made September 22, 1905, overruling

a motion to vacate the order dismissing the petition.   The
facts, so far as they are important here, are:  That peti-
tioner filed and served a petition to have a certain tax deed
for the year 1899, owned by defendant O'Connor, trustee,
set aside and the sale canceled.   The matter coming on to
be heard upon the petition and answer on August 23, 1905,
the court, without hearing any evidence, dismissed the
petition.   On August 30th a motion was made in behalf
of petitioner to set aside the decree of August 23d and to
proceed with the hearing on the merits.   This motion was
heard September 22, 1905, and denied.   Claim of appeal
was filed September 30th.   The records of this court show
that after filing said notice of appeal an application was
made to this court for a writ of mandamus to compel the
said circuit court to vacate his said order dismissing the
petition, and the writ was denied, for the reason that the
order complained of was an appealable order.   The notice
of appeal and copy of the claim of appeal were served by
mail October 14, 1905.

The basis of the motion here is that, if petitioner was
properly before the court below with his matter and de-
sired to appeal from any order or decree of said court, he
was required to proceed according to the provisions of
section 67 (1 Comp. Laws, § 3890) of the tax law.   It is
said that the appeal was not claimed and notice of it was not
given within 20 days after the making and entering of the
decree, and that no bond whatever has been filed.   On
the part of the petitioner (appellant) it is contended that
in a case like his no bond is by the tax law required; that
section 67, above mentioned, has no application because
this is not a case where petitioner is disputing the validity
of the tax; that he is proceeding under the provisions of
section 70 of the tax law (1 Comp. Laws, § 3893), and oc-
cupies the position of an owner who within one year after
he had notice of sale of his land for taxes moved to set
said sale aside for the reason that the taxes in question
had been paid.   He claims that no bond is required be-
cause by the provisions of section 144 (added by Act No.

97, Pub. Acts 1899) of the general tax law no costs are to be taxed against either party in such a matter as this. In other words, if we understand the argument for appellant, it is that his appeal is a general chancery appeal, and that he is not required, in order to perfect it, to file a bond because of the provisions of section 144 of the tax law.

A number of questions are raised and discussed which we prefer not to determine on a motion to dismiss an appeal, and we content ourselves with saying that appellant is warranted in asserting that the appeal in this case may be held to be a general appeal in chancery, in which cases a bond is not required, except to stay proceedings. 1 Comp. Laws, § 550, as amended by Act No. 243, Pub. Acts 1899; *Harmon* v. *Metcalfe,* 134 Mich. 643.

The motion to dismiss the appeal is denied.

MOORE, C. J., and MCALVAY, GRANT, and HOOKER, JJ., concurred.