NATIONAL BANK OF COMMERCE OF TOLEDO, OHIO,
*v.* CORLISS.

1. APPEAL AND ERROR—APPEAL BOND ON MORTGAGE FORECLOSURE—SURETIES' LIABILITY FOR DEFICIENCY.

   Since 3 Comp. Laws 1915, § 12678, provides that the decree in mortgage foreclosure proceedings shall also determine which defendants, if any, are personally liable, and also provides that, on the coming in of the commissioner's report of sale, execution may be had for any deficiency shown, the sureties on the defendant's appeal bond, on appeal from said decree, are *held*, liable for the amount of the deficiency as well as for the costs and damages, if any, for delay caused by the appeal.

2. SAME—SURETIES CHARGEABLE WITH NOTICE OF LEGAL LIABILITY.

   Since the bond is to be read as if the whole of the statute in reference thereto were a part thereof, the sureties thereon are chargeable with notice of their legal liability thereunder.

3. SAME—SUMMARY JUDGMENT AGAINST SURETIES.

   The fact that the Supreme Court, in its modification of the decree rendered in the court below in mortgage foreclosure proceedings, required a report from the circuit

court as to the deficiency, and reserved the right to enter a decree therefor, would not prevent the plaintiff from having a decree in this court, on receiving said report, awarding execution against the sureties as provided for in 3 Comp. Laws 1915, § 12795.

Bill by the National Bank of Commerce of Toledo, Ohio, against Leroy Corliss, the Waterloo Creamery Company and another to establish and foreclose a lien, and for an accounting. From a decree for plaintiff, defendants Corliss and the Waterloo Creamery Company appealed: On motion of plaintiff for a deficiency decree. Submitted October 25, 1923. (Calendar No. 29,915.) Motion granted December 19, 1923.

*Smith, Beckwith & Ohlinger, F. J. Shields,* and *E. C. Froelich,* for plaintiff.

*Hotz & Lee* and *Searl & Searl,* for appellants.

SHARPE, J. Defendants appealed from a decree of foreclosure of a contract for the purchase and sale of certain real estate and personal property in Clinton county. The decree as rendered fixed the amount due, ordered a sale of the property, determined the personal liability of the defendants for any deficiency, and awarded execution for its collection. It was modified in this court by changing the date after which sale might be had and providing that the circuit judge should make report to this court of the amount realized on the sale and the costs and expenses incident thereto. This court retained jurisdiction for the purpose of entering decree for any deficiency and damages for delay caused by the appeal. *National Bank of Commerce v. Corliss,* 217 Mich. 435. There was default in payment. A sale was had and report made, from which it appears that there is a deficiency of $29,738.74. Plaintiffs now ask for a decree award-

ing execution for its collection against the defendants and also against Clinton Nelson and Fred W. Hooper, the sureties on the appeal bond. The condition of the bond filed, which conforms to the statute (3 Comp. Laws 1915, § 13756), reads as follows:

"Now, therefore, the condition of this bond is such that if the said defendants shall perform and satisfy the decree and final order of the Supreme Court in said cause and pay all costs of the appellees in the matter of said appeal and shall pay to said appellees the damages which may result from the stay of proceedings, then this obligation is to be void, otherwise to remain in full force."

The sureties oppose the petition, claiming that their only liability, it appearing that there was no damage due to delay, was for the taxable costs of the appeal. Counsel are agreed that under the statute providing for a decree in foreclosure cases before the enactment of the judicature act the sureties on an appeal bond were only liable for costs and damages, if any, incident to the delay.

The statute in force, without material change since 1838 prior to 1915 (1 Comp. Laws 1897, § 517), read as follows:

"When a bill shall be filed for the satisfaction of a mortgage, the court shall not only have power to decree and compel the delivery of the possession of the premises to the purchaser thereof, but on the coming in of the report of sale, the court shall have power to decree and direct the payment by the mortgagor of any balance of the mortgage debt that may remain unsatisfied after a sale of the mortgaged premises, in the cases in which such balance is recoverable at law; and for that purpose may issue the necessary executions as in other cases, against other property of the mortgagor."

As amended by section 12678, 3 Comp. Laws 1915, it reads:

"In foreclosure cases in the original decree therein,

the court shall determine and decree as to which defendants, if any, are personally liable for the mortgaged debt, and it shall be provided in such decree that upon the coming in and confirmation of the commissioner's report of sale, if there be any part of the money decreed to be due, either of the principal or interest of the debt, or of the costs decreed to be paid, left unpaid after applying the amount received by the commissioner, upon the sale of the premises, the clerk of the court shall, upon the application of the attorney for the plaintiff, and without notice to defendant or his attorney, issue execution for the amount of such deficiency.    The court shall also have power to decree and compel the delivery of the possession of the premises to the purchaser at said sale."

The change effected is very noticeable.    Under section 517, no power was conferred to determine the personal liability of the mortgagor or any person who had assumed payment of the mortgage for any deficiency arising on the sale.    Such determination could only be had in a supplementary proceeding after the coming in of the report of sale.    Under section 12678, the decree granting foreclosure also determines the personal liability and provides that execution shall issue for the deficiency, if any, when ascertained by the clerk after confirmation of the report of sale, and awards execution for its collection.    No supplementary decree is required.

Quite early, however, it became the practice in many of the circuits, following that prevailing in New York, to include in the foreclosure decree a determination of personal liability.    In *Johnson* v. *Shepard*, 35 Mich. 115, 123, Mr. Justice CAMPBELL, speaking for the court, said:

"It was not till 1840, in *McCarthy* v. *Graham*, 8 Paige (N. Y.), 480, that it was settled by any reported decision that a contingent provision for personal liability could be inserted in the original decree.    But it is merely contingent.    It has never been held that an absolute decree can be rendered before the confirma-

tion of the report, so as to operate as a final judgment. * * * The jurisdiction over persons who have become liable on the debt, is not obligatory, but is only permissive."

Such a determination in the decree was, however, held to be conclusive as to the liability. *Christian* v. *Soderberg*, 124 Mich. 54. Awarding an execution in such a decree was held to be unauthorized. *Howe* v. *Lemon*, 37 Mich. 164. A supplementary hearing, of which the parties must have personal notice, and decree awarding execution were necessary before an execution could issue. *Ransom* v. *Sutherland*, 46 Mich. 489; *McCrickett* v. *Wilson*, 50 Mich. 513. On affirmance of such a decree in this court, no enforceable personal liability existed. The decree so far as it was enforceable was one *in rem* only. The condition of the bond on appeal in such cases substantially provided, as it now does, for the performance and satisfaction of the decree and final order in this court. If no enforceable personal liability was created by the decree, its affirmance could not create one and therefore no liability existed under such a bond to pay the amount of a deficiency, thereafter determined by the coming in of the report of sale, and for the collection of which by execution against the defendants decreed to be personally liable a supplementary decree must be obtained. For this reason, it was held that the sureties on such a bond were only liable for costs and damages occasioned by the delay incident to the appeal. The question was many times before this court. The cases decided were reviewed and discussed by Mr. Justice STONE in *Kelly* v. *Gaukler*, 164 Mich. 519. At page 531, he said:

"Where a foreclosure decree provides for the sale of land, there is no personal liability to be enforced against a defendant, until after it is sold and a deficiency reported, and subsequent proceedings are taken to secure a deficiency decree,"

and held that performance of the decree did not require the payment of the deficiency.

Under the statute now in force (§ 12678, above quoted), no supplemental decree awarding execution is necessary.    It is made the duty of the clerk "upon the coming in and confirmation of the commissioner's report of sale," if a deficiency be shown thereby, to issue execution therefor "upon the application of the attorney for the plaintiff, and without notice to defendant or his attorney."    Such a decree is in the nature of an enforceable personal judgment against those decreed to be liable therefor, the amount, however, for which execution may issue to be ascertained by the report of sale when confirmed.    We are impressed that under this statute the undertaking in the bond to perform and satisfy the decree made by this court on appeal is, in case the decree is affirmed, an undertaking to pay the amount of any deficiency for which execution may issue under the decree appealed from.    Had an appeal been taken from the supplementary decree awarding execution, as provided for in section 517, the condition of the bond would have been, as here, in compliance with the statutory requirement.    Under such a bond, the liability of the sureties to pay the amount for which execution was awarded would seem clear.    The decree, granted under section 12678, fixes the personal liability of the defendants (not provided for in the former statute and permissive only under the practice), and provides that execution shall issue for the deficiency.    The plaintiff is thereby given all the rights and the same liability provided for against the defendants as under the supplementary decree.

It may be noted that prior to 1899 an appellant in a chancery case was required, as a condition of his appeal, to give a bond, conditioned for the performance or satisfaction of the decree.    1 Comp. Laws 1897,

§ 550. Under our present statute (3 Comp. Laws 1915, § 13756), such a bond need be given only when a stay of proceedings is sought.

So far as the decree herein was enforceable against the property, an appeal might have been taken therefrom without the filing of a bond. By the bond the defendants not only stayed the proceedings of sale, but they also protected themselves from the enforcement of the personal liability provided for in the decree, if the amount thereof were determined, so that execution might issue therefor, before the decision on appeal. *Harmon* v. *Metcalfe,* 134 Mich. 643.

It is suggested that, had the legislature intended by section 12678 to change the liability of the sureties, a change would also have been made in section 13756, which prescribes the condition of the bond. In *Chaffee* v. *Thomas,* 5 Mich. 53, in discussing the liability of sureties on bonds given on appeal from justice's court, it was said:

"This bond is, we think, to be read in all respects as if the whole of the statute in reference to the appeal, the bond, and mode of entering up judgment upon it, were recited at large in the bond."

In *Lindemann* v. *Insurance Co.,* 217 Mich. 698, it was held that a statute relating to insurance policies became in legal effect a part of the policy issued. No more appropriate language defining the liability of the sureties could be used than that employed in the statute. Sureties on such bonds are chargeable with notice of the legal liability created thereby. It is apparent that these sureties understood their liability was not limited to the costs of the appeal, as a bond in the sum of $100,000 would not have been required therefor.

It is urged that summary judgment may not be here entered against the sureties. Section 12795, 3 Comp. Laws 1915, provides:

"In all cases where judgment shall be rendered against the appellant in the circuit court, or in the Supreme Court, the same may, on motion of the appellee made before judgment against the appellant, be entered against both appellant and surety, and be collected on execution against them as in ordinary cases of judgment against two or more."

This statute is included in the chapter of the judicature act entitled "Of Judgments and Decrees." We think it equally applicable to decrees in chancery cases as to judgments in actions at law. In the brief filed by counsel for plaintiff on the hearing of the appeal, they asked that, in the event of the affirmance of the decree, a decree be here entered against the sureties as provided for in this section. The fact that this court, in its modification of the decree rendered below, required a report from the circuit court as to the deficiency and reserved the right to enter a decree here therefor, should not prevent the plaintiff from having a decree against the sureties as provided for in this section.

A decree may be entered as prayed for in the petition.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.