GOODMAN *v.* ROTT.

1. MORTGAGES — DEED AS MORTGAGE — NOTICE — EVIDENCE — SUFFICIENCY.

In a suit to enjoin summary proceedings, the preponderance of testimony *held*, to show that defendant knew, at the time he made the trade for the premises in question, that the deed to his grantors from plaintiffs was a mortgage, although it was absolute on its face, and therefore the interest conveyed to him was a mortgage interest only.

2. SAME—PAROL NOTICE SUFFICIENT TO CHARGE PURCHASER WITH KNOWLEDGE THAT DEED IS MORTGAGE.

The general rule that the covenants in a deed may not be changed by parol evidence has a well-recognized exception in cases of deeds given as mortgages, and parol notice is sufficient to charge the purchaser with knowledge of the security character of the instrument.

3. APPEAL AND ERROR—DECREE MODIFIED.

The preponderance of the testimony *held*, to show that plaintiffs had paid $893.75 on the mortgage rather than

¹Mortgages, 41 C. J. § 148;ˑ ²Id., 41 C. J. § 121; L. R. A. 1916B, 18; 19 R. C. L. 248-250; 5 R. C. L. Supp. 1030; ³Appeal and Error, 4 C. J. § 3163.

about $1,900 as found by the court below, and the decree allowing them to redeem by payment of the balance due is therefore modified accordingly.

**4. MORTGAGES—FRAUD.**

Where defendant's grantors represented that the mortgage interest conveyed by them to him amounted to $2,500, while it was materially less by reason of payments made by the plaintiffs, he is entitled, on his cross-bill, to a decree against said grantors for $2,500 less the amount still secured, as fixed by the amount decreed due from plaintiffs.

**5. APPEAL AND ERROR—DECREE RUNS AGAINST SURETY ALSO ON APPEAL BOND.**

The decree in Supreme Court against the cross-defendants in favor of defendant also runs against the surety on their appeal bond, as provided by 3 Comp. Laws 1915, § 12795.

Appeal from Wayne; Black (Edward D.), J., presiding. Submitted January 11, 1928; resubmitted March 27, 1928. (Docket No. 41.) Decided April 3, 1928.

Bill by Abraham S. Goodman and another against David Rott and another to enjoin summary proceedings. Defendant Rott filed a cross-bill against Charles D. Wagner, David R. Porvin, and others for affirmative relief. From a decree for plaintiffs, defendant and cross-defendants appeal. Modified and affirmed.

*Shapero & Shapero,* for defendant Rott.

*Morse & Goldstick* (*Edmund E. Shepherd* and *Harry Cohen,* of counsel), for defendants Porvin and Wagner.

FEAD, C. J.   On October 13, 1922, plaintiffs executed to defendant Mrs. A. Harris a warranty deed of two lots in Detroit, herein referred to as the Brandon street property.   The instrument was recorded as a deed.   By contemporaneous written instrument, the deed was declared to be a mortgage to secure the repayment of $3,000, evidenced by four promissory notes. The loan was usurious because a bonus of $600 was

[4]Fraud, 27 C. J. § 243; [5]Appeal and Error, 4 C. J. § 3436.

included in the sum to be repaid.    The transaction was conducted on behalf of Mrs. Harris by Saul Meister, or, as found by the trial judge, the party in interest was Meister himself.    On October 15, 1923, Goodman executed a new note for $3,000 to Mrs. Harris and the original notes were returned to him then or later.    On December 18, 1923, another transaction was entered into by the plaintiffs ostensibly with one Charles·H. Marks, but actually by Meister, a relative of Marks, to replace the Harris loan.    The Goodman-Marks instrument declared that a conveyance had been executed by Goodman to Marks as security for the loan. The conveyance was not produced.    The agreement stated the debt was $3,000.

On December 21, 1925, Rott negotiated an exchange of property with Wagner and Porvin, acting for the Porvin-Wagner Company and themselves.    Wagner and Porvin had come into possession of the Harris and Marks transactions and they delivered to Rott, as part of the trade, a warranty deed of the Brandon premises from Mrs. Harris to Rott, with an abstract showing title in Mrs. Harris.    Meister had possession of the Marks notes at that time but they were later delivered to Rott.    A short time after the trade had been closed, Rott undertook to obtain possession of the Brandon premises through summary proceedings before a circuit court commissioner, claiming ownership, and plaintiffs commenced this suit to restrain him from exercising dominion over the property, upon the claim that the Harris deed was a mortgage.    Rott in his answer claimed title to the premises, and by cross-bill charged fraud against Wagner and Porvin, the Porvin-Wagner Company, and Mrs. Harris in misrepresenting the title, and asked damages therefor. Rott, Wagner, Porvin, and the Porvin-Wagner Company appealed.

The case rests principally upon the question of fact, whether Rott, before the trade was completed, knew

that plaintiffs' deed to Mrs. Harris was a mortgage. Porvin and Wagner testified that they had informed Rott of the fact.     Rott denied such information and knowledge.     The trial court did not make a specific finding upon this issue, but the decree demonstrates that he held that Rott knew the condition of the title. His opinion indicates a none too high regard for any of the principals, and he characterized the situation:

"The whole transaction is surrounded by fraud and deceit from start to finish."

The parties dealt at arm's length, each able to protect himself.     Rott admitted that he went to the Brandon property before the trade to inspect it, but stated that the occupant was away.     The tenant, however, evidently disinterested, testified that Rott looked over the property and was informed that plaintiffs owned it.     No adjustment of insurance or rents for the premises was made in the transaction, as would have been very probable had Rott thought he was obtaining title to the lots.     The disinterested testimony shows that the equity in property which Rott put into the trade was about $1,200 to $1,400 and he paid $800 in cash.     In return, Rott received lots, which he said were worth $900, and the Brandon deed.     The Brandon premises are valued at from $5,000 to $7,500.     Porvin and Wagner admitted that they told Rott that the Harris deed was security for about $2,500.     The trade is better balanced upon the basis that the Harris deed was a mortgage than if it were a conveyance.     Rott had dealt with Porvin and Wagner before and is shrewd enough to have known that they would not be likely to trade him property worth approximately $6,000 for $2,200.     Upon the whole record, the testimony preponderates that Rott knew, when he made the trade, that the Harris deed was a mortgage.

Counsel for Rott contend that the warranty clause of the deed cannot be varied by parol testimony and

that verbal notice to him was ineffective.   The general
rule that the covenants in a deed cannot be changed
by parol evidence has a well-recognized exception in
cases of deeds given as mortgages, and parol notice is
sufficient to charge the purchaser with knowledge of
the security character of the instrument.    41 C. J. p.
368.

As Wagner and Porvin represented that the amount
secured by the mortgage was $2,500, the remaining
question, which is one of fact, is whether the repre-
sentation was true, the plaintiffs having made some
payments thereon.

Plaintiff Goodman claimed he has paid about $1,900
on the mortgage loan.   He produced canceled checks
aggregating $893.75, paid in 1924.   He asserted that
he paid a note of $750, with interest of $13.13, on
January 13, 1923, but did not know whether he paid
in cash or by check.   He produced the note, indorsed
by Mrs. Harris and Meister.   But the evidentiary
force of possession of the note is impaired by the fact
that, when the Marks deal was made, all the Harris
notes were returned to plaintiffs.   He stated that
he had paid an additional $309 in 1923 in four cash
payments.   He produced no receipts.   He has made
no payments since 1924.   In October, 1923, he ac-
knowledged himself indebted to Mrs. Harris in the
sum of $3,000 by giving her a new note in that sum.
The Marks mortgage made in December, 1923, was
for $3,000.   Plaintiff Goodman testified that he re-
ceived nothing from the transaction except the original
$2,400.   The trial court found that Goodman had
made all the payments he claimed.   But we are not
able to reconcile that finding with Goodman's subse-
quent unequivocal notes which demonstrate that he
had made no payments in 1923, especially when account
is taken of the absence of documentary proof of pay-
ment in that year and of the generally uncertain nature

of his evidence.    The preponderance of the testimony is that plaintiffs have paid $893.75 on the mortgage. The decree will, therefore, be modified to declare the sum due on the mortgage to be the original loan of $2,400 with interest at 5% per annum less the sum of $893.75 to be credited on the respective dates of payment.

Defendant Rott is then entitled to a decree against Wagner and Porvin and the Porvin-Wagner Company in the sum of $2,500 with interest at 5% per annum from December 21, 1925, less the amount still secured by the mortgage as above stated.

The claim of Rott for reimbursement for taxes paid on the premises cannot be determined here because there was no evidence of the amount.

Defendant Rott will recover his costs of this court to be taxed as against the plaintiffs, and the defendants Wagner, Porvin and the Porvin-Wagner Company will recover their costs of this court against Rott.

The decree of the circuit court, in chancery, will be modified in accordance with this opinion.    The decree against defendants Wagner, Porvin, and the Porvin-Wagner Company will also run against the surety on their appeal bond, as provided by 3 Comp. Laws 1915, § 12795; *National Bank of Commerce* v. *Corliss,* 225 Mich. 441.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.