## Sewell S. Vaughn v. Dwight Nims and another.

*Foreclosures: Computation of amount due: Reference.* It is competent for the court in foreclosure cases to make a decree without a reference to compute the amount due; and the court should always pass for itself on the testimony.

*Foreclosures: Decree: Amount: Installments accruing after bill filed.* While the statutes and practice under them require a new inquiry into any installments accruing after decree (*Brown v. Thompson*, 29 *Mich.*, 74), the practice has always prevailed of giving decree for every thing due at the time it is granted, and it is sanctioned in this case.

*Mortgagees: Taxes: Foreclosures: Decree.* It is competent for a mortgagee to protect his mortgage interest against taxes, and the amount so paid may properly be included in a foreclosure decree.

*Foreclosures: Decree: Sales: Entirety: Parcels.* A decree allowing a sale as an entirety will not be disturbed for that reason, where the land was originally described as one lot, and there is no showing that it should be sold in parcels.

*Submitted on briefs April 10.     Decided April 18.*

### Appeal in Chancery from Kent Circuit.

*Joslin & Kennedy*, for complainant, to the point that it was proper for the court to make computation of the amount due, cited: *Ireland v. Woolman*, 15 *Mich.*, 253; that a decree for the whole amount due was proper: *Comp. L. 1871*, §§ 5147, 5157-9; *Adams v. Brown*, 7 *Cush.*, 220; *Whitney v. Eichelberger*, 16 *Ia.*, 422; *Lyman v. Sale*, 2 *Johns. Ch.*, 487; *Smalley v. Martin*, 1 *Clark (N. Y.)*, 293; *Rice v. Cribb*, 12 *Wis.*, 179; *Walker v. Hallett*, 1 *Ala.*, 379; as to the sale as an entirety: *Harris v. Makepeace*, 13 *Ind.*, 560; *Denny v. Graeter*, 20 *Ind.*, 20; 15 *Ind.*, 210; *Woodhull v. Osborne*, 2 *Edw. Ch.*, 617;' *Griswold v. Fowler*, 2 *Abb. Pr.*, 238.

*Smith, Nims & Erwin*, for defendants, cited: *Perkins v. Perkins*, 16 *Mich.*, 166; *Brown v. Thompson*, 29 *Mich.*, 74; *Smith v. Rumsey*, 33 *Mich.*, 189, and cases cited; *Comp. L.*, §§ 5157-61; *Graves v. Niles*, *Harr. Ch.*, 334; *Hammond v. Place*, *Harr. Ch.*, 438.

CAMPBELL, J :

This is a foreclosure case, in which the chief defense was usury. The decree having allowed this defense and

fixed the debt equitably, the cause is appealed by the defendants upon some minor grounds.

It is first claimed that the court should not have decreed without a reference to compute the amount due; and that the decree should not have covered any thing which has fallen due since the suit began. These points are not well taken. The court should always pass for itself on the testimony, which in this case was all aimed at determining the amount of the mortgage debt. And while the statutes and the practice under them require a new inquiry into any installments accruing after decree (*Brown v. Thompson, 29 Mich. R., 74*), the practice has always prevailed of giving a decree for everything due at the time it is granted. In this case the whole amount had become due, and no payments were pretended.

We have found no testimony in the printed record concerning an item of taxes of fifty-seven dollars and thirty-four cents, included in the decree. But it appears that there is such a voucher in the original record, and there can be no doubt of the propriety of allowing a party to protect his mortgage interest against taxes. The objection to its allowance is not well taken.

As there was nothing to show that the land should be sold in parcels, and as it was originally described as one lot, there is no reason for disturbing the decree which allows a sale as an entirety.

The decree must be affirmed, with costs.

The other Justices concurred.