HEZEKIAH J. HOWE ET AL. v. HENRY LEMON ET UX.

*Wife's Personal Liability on a Mortgage—Execution on Foreclosure
—Costs on Appeal—Discontinuance after Decree.*

A man and his wife conveyed certain lands in consideration of the payment, by the grantees, of the husband's debts. The grantees gave back a written agreement to the wife that the lands should be reconveyed to her alone on repayment of their advances. This agreement purported to make the wife covenant to pay the advances, but she did not sign it. The transaction was conceded to be a mortgage. *Held*, that under Comp. L., § 4208, declaring that no mortgage shall be construed as implying a covenant for the payment of the sum secured thereby, the wife could not be held personally liable for any deficiency on foreclosure sale.

It is proper to include in a decree of foreclosure a sum which has fallen due on the mortgage since the commencement of suit, and which remained unpaid.

Execution is not to be awarded in a decree for sale on foreclosure, so long as it is not known that there will be a deficiency.

Execution cannot issue without special application on a showing of the right to it.

Costs of the Supreme Court were allowed a defendant against whom a decree of foreclosure was affirmed, but whose personal liability was released.

Discontinuance was allowed after decree as to a party who had been unnecessary, and who had died since it was granted.

Appeal from Berrien. Submitted June 14. Decided June 20.

FORECLOSURE, based on a deed absolute with a contract to reconvey on repayment of advances. The facts are stated in the opinion.

*Muzzy & Foster* for complainants.

*Edward Bacon* (on brief) for defendants and appellants.

COOLEY, C. J. The case made by the bill is that in the year 1868 Henry Lemon being considerably indebted,

entered into an agreement with complainants by which the latter were to pay or secure the debts in consideration that Lemon and his wife should convey to them certain lands described in the bill, complainants delivering back to Mary Jane Lemon, the wife of Henry Lemon, an agreement to convey said lands to her when the sums which they should pay on such indebtedness were repaid; that the conveyance was made by Lemon and wife accordingly, and that they did execute and deliver to Mary Jane Lemon the stipulated agreement to convey to her; that they have proceeded to pay the indebtedness to an amount which is specified; that the arrangement between them and the Lemons was in law a mortgage, and they pray the usual decree for payment of the amount due thereon, and for sale of the lands, etc. The agreement given back by complainants to Mary Jane Lemon is set forth in full, and while reciting the fact that the land is conveyed in security for the payment of Henry Lemon's debts, it purports to make Mary Jane Lemon covenant for the repayment to complainants of the sums paid by them on such debts. It is not, however, signed by her. The circuit court made decree for foreclosure and sale, and charged Mrs. Lemon personally with the amount found due. In the decree was included an amount paid by complainants on the debts after the suit was commenced, and it was provided that if the sale did not produce the amount due, the complainant might have execution against Mrs. Lemon for the deficiency.

Many objections are taken to the decree which require no notice. The following are sufficiently important to merit attention:

1. That Mrs. Lemon was not personally liable for the demand. This, we think, is well taken. Mrs. Lemon did not owe the debts, and she made no promise to pay them. If she can be held liable it must be on the ground that by accepting the agreement for conveyance of the land to her, she by implication promised to pay the amount. But it is provided by statute that "no mortgage shall be construed as implying a covenant for the payment of the sum thereby intended to be secured," which we think is decisive

here, the transaction being conceded to be a mortgage. Comp. L., § 4208. See also Comp. L., § 4207. In this particular, therefore, the decree is erroneous.

2. It is objected that the decree could embrace nothing not due when the suit was commenced. We decided otherwise in *Vaughn v. Nims* at the last term. [36 Mich. 297.]

The provision in the decree awarding execution before it is known that any deficiency will exist ought not to have been inserted. Our attention has been called to similar provisions before, and they are probably not uncommon. But execution cannot issue without special application on showing of the right to it; and the clause in question is liable to mislead the complainant into irregular action. For this reason it is mentioned here as a provision that should always be omitted.

The decree should be modified in the particular of Mrs. Lemon's personal liability, and in respect to the execution clause. In other particulars it will be affirmed. Mrs. Lemon will recover costs of this court. As Mr. Lemon seems to have been an unnecessary party, and has deceased since the decree, complainants will be at liberty to discontinue as to him.

The other Justices concurred.