MARGARET MCCRICKETT v. MARGARET S. WILSON.

*Execution for deficiency on foreclosure—Notice—Laches—Bill of review.*

Notice of the filing of a petition for an execution to enforce collection of a deficiency on foreclosure, must be given to the defendant, as if the proceeding were a new suit.

Laches in moving to set aside proceedings of which notice should be given cannot be imputed to the moving party if he has not been notified.

Proceedings to collect a deficiency on foreclosure are purely statutory, and a petition to set them aside for want of notice is permissible without filing a bill of review.

50 MICH.—33

Appeal from Wayne. (Full Court.)    Apr. 20.—June 6.

Petition to set aside execution.    Petitioner appeals. Order denying petition set aside.

*John Ward* for petitioner appellant.    Proceedings after confirmation of foreclosure sale can be taken only on notice to the party to be affected : *Ransom v. Sutherland* 46 Mich. 489 ; a final decree for deficiency, notwithstanding there is a contingent provision in the original decree for the payment of it, is a new proceeding which . if taken *ex parte* is unwarranted : *Johnson v. Shepard* 35 Mich. 122 ; *Brown v. Thompson* 29 Mich. 72 ; *Howe v. Lemon* 47 Mich. 544 ; *Mickle v. Maxfield* 42 Mich. 304.

*Brennan & Donnelly* for appellee.    An order for execution for a deficiency on foreclosure may be irregular if entered without notice, but it is not void : *Granger v. Judge of Superior Court* 44 Mich. 384 ; *Howe v. Lemon* 47 Mich. 544 ; notice of proceedings following a decree taken *pro confesso* for want of appearance need not be given : 2 Barb. Ch. § 479 ; Jennison Ch. Pr. 39 ; *Rose v. Woodruff* 4 Johns. Ch. 547 ; if the application to set aside a decree for an irregularity does not show injury or deprivation of right an order refusing to set aside this decree will not be vacated : *Mich. Ins. Co. v. Whittemore* 12 Mich. 427 ; if the time for appeal has expired, a petition to set aside an order in chancery will not be entertained : *Warner v. Juif* 38 Mich. 662 ; *Benedict v. Thompson* Walk. Ch. 446.

SHERWOOD, J.    In this case the defendant was adjudged, by the decree 26 September, 1879, personally liable for the mortgage debt on bill taken as confessed for want of appearance after personal service of process.

A sale was had, July 24, 1880, under the decree, of all the land described in the mortgage, and the commissioner reported that the proceeds of the sale failed to satisfy the debt found to be owing on the mortgage by the decree, in the sum of $630.89.    The decree contained the usual clause for payment of the deficiency with interest.

On the 20th day of August, 1880, the complainant filed her petition praying that the amount of the deficiency might then be ascertained and an execution issue therefor. There was no service of this petition upon the defendant, but upon the hearing thereof the court made an ex parte order in accordance with the prayer of the petition; and under said order complainant, on the 30th day of March, 1882, caused execution to be issued and levied upon the real estate of the defendant.

October 9th, 1882, the defendant filed her petition to set aside the proceedings to obtain execution, on the ground of want of notice. The circuit judge denied the motion, and his decision is now before us for review.

In the case of *Brown v. Thompson* 29 Mich. 72 this Court held the proceeding for a further decree upon an additional installment, after payment of a prior decree, is essentially a new suit in all except form, and notice is required to every person whose interests are to be affected as in an original suit, and service of process must be made as in an original suit; and in *Johnson v. Shepard* 35 Mich. 115, it was further held that the proceeding for execution for deficiency is essentially new and supplementary and not a mere continuation of the foreclosure; and Justice Campbell likened the proceedings to those required to enforce payment of a new installment falling due after the decree and sale for a prior one.

In the case of *Ransom v. Sutherland* 46 Mich. 489, this Court held " the petition for execution for deficiency" should be served on the party against whom execution is sought, with notice of time and place when it will be presented; that the service should be on the defendant in person when it is practicable, and if not practicable, the court on a showing of the facts may direct a substituted service; and in that case the proper practice on filing the petition for execution is very clearly indicated.

In this case it appears from the record that no legal notice was given to the defendant, of the filing of the petition for execution, or of any proceedings subsequent to the filing of

the commissioner's report and confirmation of sale under the original decree.

It is claimed defendant is guilty of such laches in not sooner moving for the relief she now prays as to deprive her of any benefit from her petition.

Upon this point it is sufficient to say that some legal notice, actual or constructive, must be given to the defendant making it reasonable or necessary for her to act before such laches can be imputed.

It is further claimed by counsel for complainant that a bill of review is defendant's only remedy for the relief she seeks.

Under the original equitable jurisdiction in this class of cases no power existed to make a personal decree against this defendant for the deficiency. The proceeding is one purely statutory and in addition to the usual remedies given to enforce payment.

We think the defendant's petition proper, and the prayer thereof should have been granted by the circuit judge, and his order denying the same must be vacated, and the order for execution in this case and all proceedings taken thereunder set aside with costs.

The other Justices concurred.