WESLEY VAUGHAN v. ABNER BLACK, SARAH E. BLACK, SIDNEY S. BALL, AND CHARLES M. WATTERS.

*Foreclosure suit—Decree—Deficiency—Chancery rule 122—Object of.*

1. The *personal* liability of a party *collaterally* liable for the payment of a debt secured by a mortgage on real estate cannot be *absolutely* fixed in the *original* decree of foreclosure, and, if done, *that* portion of the decree is *nugatory.*

2. The proceeding against *such* a party is substantially a *new* one, equivalent to the legal process of *fieri facias*, and cannot be instituted against persons not *properly* charged in the bill; and their liability cannot be *adjudicated* except in case of a *deficiency* reported on the sale of the mortgaged premises. *Such* parties have every defense open to them, and cannot be called upon to defend until cited so to do.

3. Under the statute[1] and decisions of this Court, in order to charge a *third* party with the payment of a *deficiency* on a foreclosure

[1] How. Stat. §6704.—"If the mortgage debt be secured by the obligation or other evidence of debt of any other person besides the mortgagor, the complainant may make such person a party to the bill, and the court may decree payment of the *balance* of such debt remaining unsatisfied *after* a sale of the mortgaged premises, as well against such *other* person as the *mortgagor*, and may *enforce* such decree as in other cases."

sale, his *liability* must be one that could be sued independently at *law* as a *legal* obligation, and must be a liability to *pay* the *mortgage* debt.

4. Where the grantees of a mortgagor were made defendants in the foreclosure suit, but the complainant failed to serve on them the *underwriting* required by chancery rule 122,—

Held, that *such* defendants were given to understand that no *personal* decree would be asked against them, and that they need not defend unless they desired to save the mortgaged premises.

5. The *object* of chancery rule 122 was to save defendants the necessity of looking into the record (which usually involves the employment of counsel), unless *notified* that *specific* relief would be sought against *them;* and complainants must see to it that defendants are not *misled,* and are *responsible* for the *correctness* of their process.

Appeal from Eaton. (Hooker, J.) Argued October 5, 1886. Decided October 14, 1886.

Appeal from order refusing leave to file bill of review. Order reversed. The facts are stated in the opinion.

*Wood & Maynard,* for complainant:

Chancery rule 101 prohibits the bringing of a bill of review after the time for appeal has expired, except on newly-discovered evidence, unless upon reasons satisfactory to the court: *Benedict v. Thompson,* Walker, Ch. 446.

Having no statute on the subject, the usual chancery practice governs, and there is nothing unusual in this case. The two cases in which a bill of review is permitted are settled by the first of the Ordinances in Chancery of Lord Chancellor Bacon, respecting such bills, which has never been departed from: 2 Barb. Ch. Pr. 91; 2 Hoff. Ch. Pr. 2; *Clapp v. Thaxter,* 7 Gray, 384.

Under these authorities, the error must be apparent upon the face of the decree, and no averment can be received not supported by the decree: *Webb v. Pell,* 3 Paige, 368; *Dexter v. Arnold,* 5 Mason, 311.

In *Gould v. Castel,* 47 Mich. 604, it was held gross laches for a defendant to disregard a subpœna served on him, and permit the proceedings to go to decree, because the copy failed to give the *date* of the return-day; and a motion to

set aside such proceedings was denied. And see same case, p. 606, as to *service* of true copies.[1]

As to necessity of prompt action in moving to set aside irregular proceedings, see *Johnson v. Johnson,* Walker, Ch. 309; *Hart v. Small,* 4 Paige, 288; *Nichols v. Nichols,* 10 Wend. 560; *Creveling v. Moore,* 39 Mich. 563; *Merrick v. Mayhue,* 40 Id. 196.

A bill of review on the ground of newly-discovered evidence cannot be granted if the party had knowledge of its existence in season to have obtained it for use at an earlier stage in the case: *Ryerson v. Eldred,* 23 Mich. 537.

*Peter Doran,* for defendants Ball and Watters:

Under our practice, the court may examine the proofs introduced by the complainant, together with the other records in the cause, and if, taking such proofs to be absolutely true, and as establishing the truth of the facts sought to be established, a foundation for the decree granted. is *not* furnished, the court may revise and correct such decree on filing a bill of review: *Griggs v. Gear,* 8 Ill. 2; *Turner v. Berry,* Id. 541; *Evans v. Clement,* 14 Id. 206; *Garrett v. Moss,* 22 Id. 363; *Judson v. Stephens,* 75 Id. 255; *Webb v. Pell,* 3 Paige, 368; *Millspaugh v. McBride,* 7 Id. 509; *Gies v. Green,* 42 Mich. 107; *Whiting v. Bank of United States,* 13 Peters, 6.

Ball and Watters never assumed the *payment* of the mortgage, but merely took the property *subject* to it, and are not *personally* liable for the debt: *Winans v. Wilkie,* 41 Mich. 264; *Gage v. Jenkinson,* 58 Id. 169.

The subpœna was not properly served, the copy not being accompanied with the *underwriting* required by chancery rule 122, and the *original* was left blank as to the names of the defendants. Such a variance is fatal: *Gould v. Tryon,* Walker, Ch. 339; *Arden v. Walden,* 1 Edwards, Ch. 631.

An order denying leave to file a bill of review is appealable: Jennison, Ch. Pr. 374; *Johnson v. Shepard,* 35 Mich. 115; *Beecher v. M. & P. Rolling Mill Co.,* 40 Id. 308.

CAMPBELL, C. J. · In the fall of 1883 the original bill in this case was filed against Black and wife as mortgagors, and Ball and Watters as subsequent purchasers. A decree of foreclosure was made, which not only ordered a sale of the

---

[1]See *Low v. Mills,* 61 Mich. 35-6, a valuable case on this point.

land and personal liability against Black, but also proceeded to decree a similar liability against Ball and Watters, who were claimed in the bill to have become personally liable by reason of a letter claimed to have been written by them in the following language:

"GRAND RAPIDS, Oct. 25, 1882.

"*Wesley Vaughan, Esq.*—Sir: Yours of the twenty-fourth at hand, and we would say that as soon as possible, which will be inside of two weeks, one of us will be in your place, and pay you the interest on your mortgage. Would be there sooner if we could get away. We don't want the mortgage foreclosed, but will take care of it.

"Respectfully yours, etc.,

"BALL & WATTERS."

The note secured by the mortgage was for $500, with interest at 10 per cent., payable October 6, 1882, "with the privilege of extending the time of payment of said principal to October 6, 1884; interest payable annually, at 10 per cent., according to a mortgage bearing even date." Under the mortgage the right to make the principal as well as interest payable could only have been after thirty days' default, which had not expired when this letter was written.

A subpœna was served, of which the underwriting left in blank the names of the defendants against whom a personal decree was to be sought, and containing the usual conclusion applicable where no such decree is sought,—"and the bill is filed to reach interests in property, and not to obtain further relief against the remainder of the defendants."

When the decree was obtained it was on default, and the proof of service went no further than the original subpœna. It makes no reference to the underwriting as being served, and the petition for a rehearing shows that the underwriting upon the copy bore no signature. This might have been important, if the case were not otherwise defective.

A sale was made, resulting in a deficiency. In January, 1885, a hearing was had on a petition for execution for

deficiency, and a decree was ordered accordingly on the nineteenth of January, 1885. A petition for rehearing was made within the time for appealing, and denied on argument.

It is objected, as a preliminary objection, that this application is too late. As the rule leaves this matter open to discretion, we do not think the objection should prevail where gross injustice would follow.[1] But the complainant is mistaken in this regard. It has been settled by repeated decisions of this Court that it is not within the power of courts of chancery to grant absolute personal decrees against parties claimed to be collaterally liable for the mortgage debt in the original decree, and, if done, the decree is so far nugatory. The remedy is purely statutory, and cannot be invoked until after a balance is reported unsatisfied. The proceeding, then, is substantially a new one, equivalent to the legal process of *fieri facias*. It cannot be sought against persons not properly charged in the bill, and it cannot be adjudicated except upon the occasion of a deficiency reporte d. Parties so charged have every defense open to them. They are not called on to defend until cited. It is singular that so little attention has been paid to our reported decisions. See *Howe v. Lemon*, 37 Mich. 164; *Mickle v. Maxfield*, 42 Id. 304; *Johnson v. Shepard*, 35 Id. 115; *Gies v. Green*, 42 Id. 107; *McCrickett v. Wilson*, 50 Id. 513.

So far as any personal decree is concerned, it cannot be regarded as operative effectively until the order of January 19, 1885, and the application was strictly within the rule.

Had the service of subpœna been such as to notify Ball and Watters that a personal decree would be sought against them, we have no doubt that the bill made out no cause of action. Under the statute, and the decisions under it,

---

[1]Chancery rule 101 provides that no bill of review shall be filed, either on the discovery of new matter, or otherwise, without *special* leave of the court first obtained, nor unless the same is brought within the time allowed for an appeal, except upon newly-discovered facts or evidence, unless upon reasons satisfactory to the court.

the liability must be one that could be sued independently at law as a legal obligation (*Johnson v. Shepard,* 35 Mich. 123), and under the statute it must be a liability to pay the mortgage debt.[1]

The letter above quoted is not shown by the bill to have been accepted by any notice, and, if it had been, it contains no promise to pay the mortgage debt at all, unless possibly the interest. Under the note and mortgage a payment of interest at that time would extend the principal two years. That interest is not included in the deficiency, and its amount would have been trifling. Upon the facts now developed, it appears plainly that Watters never authorized any obligation, and had no title in the land, and that the deed of the land to Ball did not obligate him to pay the mortgage.

But the failure to serve a proper underwriting left the defendants to understand that no personal decree would be sought against them, and that they need not defend unless they desired to save the land. The object of the present rule changing the form of subpœna was to prevent the necessity of defendants looking into the record (which would usually involve the employment of counsel), unless notified that specific relief would be sought against them. Parties complaining must see to it that defendants are not misled, and must be responsible for the correctness of their process.[1]

As the petition filed was broad enough to call for the immediate rescission of the order for execution, and as it is impossible on any ground to sustain it, the court should have set it aside; and as we on appeal may do the same thing, we shall, in reversing the order of the circuit court refusing the prayer of the petition, at the same time vacate

---

[1]See *Shelden v. Warner Estate,* 59 Mich. 444-5.

[1]See chancery rule 122.

and set aside the order of January 19, awarding execution against Ball and Watters.[1]

As the original decree cannot, of itself, furnish any personal relief against the present petitioners, no review is necessary to protect them. They will recover costs below and here, of the present proceedings, including the petition for execution, and proceedings thereon. The execution will be set aside, also, as a necessary consequence.

The other Justices concurred.

[1] A *pro confesso* decree made for *want* of the defendant's appearance may be vacated by the court *after* enrollment, upon petition or motion; but the rule is otherwise where an appearance has been entered. In such case a re-examination of the case can be had *only* on bill of review. *Low v. Mills*, 61 Mich. 35 (head-note 2).