RICHARD WINSOR v. PHILO B. LUDINGTON ET AL.

*Mortgage foreclosure—Decree for deficiency against third party—*
*Damages for breach of contract—Not cognizable in fore-*
*closure suit.*

1. In order to authorize a decree for the payment of the deficiency on a foreclosure sale against a third party, under How. Stat. § 6704, the obligation or evidence of debt of such party must be one upon which he can be sued at law to recover the mortgage debt.

2. A creditor attached lands subject to a mortgage, which mortgage he afterwards agreed to *purchase*, and on appeal from a decree holding him liable for any deficiency on foreclosure sale, it is *held* that in order to hold him his contract must have been to *pay* the mortgage debt, and that if there was a valid contract to sell him the mortgage his liability thereon could only extend to the damages the complainant would sustain by a failure to perform such agreement, which could not be litigated in the foreclosure suit.

Appeal from Huron.    (Beach, J.)    Argued April 11, 1889.    Decided November 1, 1889.

Bill to foreclose a mortgage.    Defendant Noble appeals. Bill dismissed as to appellant.    The facts are stated in the opinion.

*Winsor & Snover,* for complainant, contended:

1. A guarantor of the payment of a debt secured by mortgage may be made a party defendant to its foreclosure, and a personal decree for the deficiency, if any, on the sale may be made against him; citing How. Stat. § 6704; *Johnson v. Shepard,* 35 Mich. 123, 124; and the same rule applies where the purchaser of mortgaged premises agrees to pay the incumbrance; citing *Crawford v. Edwards,* 33 Mich. 354; *Miller v. Thompson,* 34 Id. 10; *Taylor v. Whitmore,* 35 Id. 97; *Carley v. Fox,* 38 Id. 387; *Higman v. Stewart,* Id. 513; *Winans v. Wilkie,* 41 Id. 264; and the makers of a joint and several mortgage note, although the mortgage is given by only one of them, must be made defend-

ants where a personal decree is sought; citing *Dederick v. Barber*, 44 Mich. 19; *Botsford v. Botsford*, 49 Id. 29; and the indorsor of a promissory note secured by mortgage is liable thereon; citing *English v. Carney*, 25 Mich. 178.

*Divine & Babcock* (*Elbridge F. Bacon*, of counsel), for defendant Noble, contended for the doctrine stated in the opinion.

SHERWOOD, O. J.   The bill in this case is filed to obtain a decree of foreclosure of a certain mortgage made August 10, 1883, for the sum of $500, by Philo Ludington and Hannah, his wife, to Richard Winsor, to be paid in five years from date, with interest at 10 per cent., payable annually.   The mortgage also contained a clause that in case the interest became due and remained unpaid for 60 days, the whole should become due, and foreclosure might be made for the whole amount, both principal and interest.   The bill was filed July 23, 1886.   Defendant Noble was made a party to the suit as a subsequent incumbrancer, and complainant asked for and obtained a personal decree against defendants Ludington and Noble for the amount due on said mortgage, and costs, and from this decree defendant Noble appeals.

It appears from the testimony in this case that the mortgage in question was assigned by Richard Winsor to William H. Baxter on February 13, 1884; that the defendants Noble & Wagner afterwards caused an attachment to be levied upon lands described in the mortgage, and other lands, and that there were two levies on this land, subsequent to this mortgage and prior to the levy made by defendants Noble & Wagner; that on November 25, 1884, and on February 9, 1885, Winsor & Snover wrote to defendants Noble & Wagner, stating that they held the mortgage in question, and asking if they (Noble & Wagner) did not wish to purchase it; that on April 1, 1885, defendant Noble wrote to Winsor & Snover that

if they would wait a short time he would buy the mortgage, and asked for a statement of the amount necessary to purchase it; that on April 1, 1885, Winsor & Snover wrote giving the amount at $586.67, and again, on April 9, wrote that they had procured an assignment from Baxter, to whom the mortgage had been previously assigned; that defendant Noble wrote in reply that he did not have the money then, but would take the mortgage on or before October 1 following. The following is his letter:

"Just at this moment I have no money, as I have loaned everything on mortgage this winter I could rake and scrape. I will, however, guarantee to take up the Ludington mortgage between now and October 1 next, and pay you all that is due on same, and will take it, anyway, just as soon as I can call in the money. Write me at 662 Trumbull, Detroit. I have a lot of fine 10 per cent. Huron Co. mortgages will trade you any time."

To which letter Winsor & Snover made the following reply:

"PORT AUSTIN, MICH., April 14, 1885.
"B. R. NOBLE,
"662 Trumbull Ave., Detroit, Mich.
"Yours on ours of the ninth. Will hold same for you on your guarantee to pay same by October 1. Would prefer to get the money sooner if you can so arrange.
"Yours, etc.,
"WINSOR & SNOVER."

The following letters seem to have closed the correspondence on the part of Noble:

"WINSOR & SNOVER,
"Sirs: Yours of the twenty-sixth received. When I made the promise to you to buy the Ludington mortgage I supposed, as I wrote you before, that your mortgage covered the buildings, or I should have never made it. Of course, I made a mistake, but do not want you to be out anything, and I think my offer to pay the interest in the mean time both fair and honorable under the cir-

cumstances, as it places you just where you were before
I wrote you in the spring.

> ." Yours,
> "B. R. Noble."

And the following gives the views of Winsor when the
correspondence closed:

> "Nov. 4, 1885.

"B. R. Noble, Esq.,

"*Dear Sir:* . Your twenty-eighth ult. rec'd. You can-
not place me where I was in the spring. I then had a
chance to get formal service and secure the debt outside
of the mortgage. I want this money to use in my private
matters, at White Rock; and now, on the eve of wanting
it, relying on you promise, cannot get it. No such offer
as you make is satisfactory to me. I need the money,.
and shall expect it.           Yours, etc.,

> "R. Winsor."

On May 12, 1886, the mortgage in question was assigned
by Edward K. Baxter, administrator of the estate of
William H. Baxter, to the complainant.

Noble testified that during the correspondence he had
a conversation with the complainant, and asked him if
the buildings were on the land mortgaged, and that com-
plainant told him he supposed they were. This, however,.
the complainant denies, and says he told the defendant.
he understood not, and that Bacon, who made the loan,
could give him the full particulars. It would appear the
buildings were not on the land.

There is no question but that complainant is the law-
ful assignee of the mortgage in question. The defendant.
claims that the decree is erroneous, upon three grounds:

1. "Because there was no privity of contract between
the complainant and defendant Noble in regard to the
purchase of the mortgage;" that "the liability to authorize
a personal decree must be one that can be enforced at
law as a legal obligation;" that whatever liability Noble
had incurred, if any, was to the firm of Winsor & Snover,

and not to Winsor; and that defendant was never liable personally for the amount of the mortgage debt.

2. Because the decree is an absolute personal one against the defendant Noble, and makes him liable for the whole debt equally with Ludington, the maker of the mortgage.

3. That if there was any liability at all under the alleged contract the most that could be claimed for it by the complainant would be the damages for refusing to purchase the mortgage, and there is no evidence of such damage in the case.

These grounds were all urged by defendant's counsel at the hearing. The power to make a personal decree against the makers of a mortgage upon real estate, or against others interested in its payment, upon a foreclosure in chancery, comes entirely from the statute. *Dunkley v. Van Buren*, 3 Johns. Ch. 330; *Johnson v. Shepard*, 35 Mich. 123; *Downing v. Palmateer*, 1 T. B. Mon. 67; *Culver v. Judge*, 57 Mich. 25 (23 N. W. Rep. 469). Our statute upon the subject (How. Stat. § 6704) reads as follows:

"If the mortgage debt be secured by the obligation or other evidence of debt of any other person besides the mortgagor, the complainant may make such person a party to the bill, and the court may decree payment of the balance of such debt remaining unsatisfied, after a sale of the mortgaged premises, as well against such other person as the mortgagor, and may enforce such decree as in other cases."

The remedy can be enforced only in those cases which are clearly within the terms of the statute. *McCrickett v. Wilson*, 50 Mich. 513 (15 N. W. Rep. 885); *Vaughan v. Black*, 63 Id. 215 (29 N. W. Rep. 523). There must be a liability upon which Noble could be sued at law for the mortgage debt to enable the complainant to sustain the decree against him. The only interest the defendant Noble had in the mortgaged property was by virtue of his attachment lien. This did not oblige him to pay

the mortgage debt. As against the mortgagee or his assignee it only gave him the right to redeem. He at no time agreed to pay the mortgage. His proposition was to buy the mortgage, and the complainant only charges this, and that he agreed to sell; but this is not the contract which would entitle the complainant to take the decree made by the circuit judge. It must be a contract to pay the debt that will make him liable under such decree. He is not a purchaser of the property subject to the mortgage, with a promise to pay it. His own interest which he had acquired was no more than a lien upon the property, and liable to be defeated at any time by redemption. By the decree, it will be noticed, Noble is held equally liable to pay the mortgage. If the complainant had a valid contract with Noble to sell him the mortgage, which we do not now decide, his liability could only extend to the damage complainant would sustain by failure to perform such agreement, and that could not be litigated in this foreclosure suit. Appellant Noble would have a right to defend against such liability in a suit at law and before a jury, and nothing appears showing such a suit would not afford an adequate remedy.

In no view that can be taken of this case can defendant Noble be made liable for this mortgage debt, and the points made by defendant's counsel are well taken, and the bill must be dismissed as to the appellant, with costs.

CHAMPLIN, MORSE, and CAMPBELL, JJ., concurred.