CLEFFY *v.* ALLEGAN STATE SAVINGS BANK.

1. MORTGAGES—DECREE OF REFORMATION—UNDERWRITING.
   Decree of reformation of a mortgage *held,* within jurisdiction of court granting same notwithstanding underwriting in summons did not state that reformation was prayed.

2. EQUITY—PLEADING—RELIEF—PROCESS.
   The specific character of the relief sought in equity is a matter for the pleading, not for the process.

3. SAME—UNDERWRITING.
   Underwriting in chancery summons in suit to reform and foreclose a mortgage which gave notice of prayer for personal as well as *property* relief *held,* sufficient.

4. ADVERSE POSSESSION—FINDING OF COURT—EVIDENCE.
   Finding of trial court that plaintiff's possession was not adverse *held,* amply sustained by the evidence.

Appeal from Allegan; Miles (Fred T.), J.   Submitted June 8, 1934.   (Docket No. 86, Calendar No. 37,841.)   Decided September 18, 1934.

Bill by Samuel Cleffy against Allegan State Savings Bank and others to set aside decree reforming and foreclosing mortgage and to quiet title on ground of adverse possession.   Bill dismissed. Plaintiff appeals.   Affirmed.

*Irving H. Smith* and *Peter J. Danhof,* for plaintiff.

*Leo W. Hoffman* and *Clare E. Hoffman (Carl E. Hoffman,* of counsel), for defendants.

FEAD, J.   The bill is to set aside a decree of foreclosure of mortgage and to quiet title to premises on the ground of adverse possession.

In 1903 plaintiff executed a mortgage in which the land was described as ''the west 42 acres of the west half,'' etc.   It was foreclosed in chancery in 1906.   The foreclosure bill prayed for reformation of the description and the decree reformed it to read ''the west half of the west half,'' etc., and ''a parcel'' of two acres, described by metes and bounds. The underwriting in the chancery subpœna was in the regular form required by court rule.

It is contended the decree of reformation was without jurisdiction because the underwriting did not recite that reformation was prayed.   The underwriting never has been required to state the nature of the action.   Its purpose is to give notice whether personal decree is prayed, and against whom, in addition to relief against property.   The specific character of the relief is a matter for the pleading, not for the process.   The underwriting at bar gave

notice of prayer for both personal and property relief and was sufficient. *Vaughan* v. *Black,* 63 Mich. 215; *Seibly* v. *Ingham Circuit Judge,* 105 Mich. 584.

Plaintiff's mother had possession of the two-acre parcel under a life lease. She died in 1915. Plaintiff was in possession of the premises without interruption to about 1921 and claims he rented them to another person in 1922 and 1923. He asserts his possession was adverse. Defendants claim plaintiff rented the premises from them and their predecessors in title after the mother's death and they rented to the tenants in 1922 and 1923 and thereafter. Upon the issue of the character of plaintiff's possession, whether adverse or permissive, the court held with defendants and the testimony amply sustained the finding that plaintiff's possession was not adverse.

Decree dismissing the bill affirmed, with costs.

Nelson Sharpe, C. J., and Potter, North, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.