HARROW *v.* METROPOLITAN LIFE INSURANCE CO.

1. Mortgages—Definition of Deficiency.
  A deficiency is that part of a debt which a mortgage was given to secure and not realized from the sale of the mortgaged property.

2. Same—Power to Decree Deficiency.
  The power to render a personal decree against the makers of a real estate mortgage, or against others charged with its payment, comes entirely from statute (3 Comp. Laws 1929, § 14366).

3. Same—Foreclosure by Advertisement—Deficiency.
  A deficiency on the foreclosure of a mortgage by advertisement is to be recovered, if at all, by action at law.

4. Same—Foreclosure by Advertisement—Moratorium—Deficiency—Equity Jurisdiction.
  In proceedings to obtain moratorium relief from foreclosure by advertisement, a court of equity has no general jurisdiction over a deficiency which may be involved (Act No. 98, Pub. Acts 1933, as amended).

5. Same—Foreclosure by Advertisement—Moratorium Relief—Statutes.
  Restriction on chancery court as to entry of a deficiency judgment or decree, in proceedings to foreclose a mortgage by advertisement which have been transferred to chancery court, cannot be construed as an implied authorization to such court to enter a deficiency decree in proceedings brought in chancery to obtain moratorium relief after sale has been held but before expiration of period of redemption (Act No. 98, §§ 2, 3, 4, Pub. Acts 1933, as amended by Acts Nos. 3, 158, Pub. Acts 1935, and Act No. 1, Pub. Acts 1937).

6. Same—Foreclosure by Advertisement—Moratorium Relief After Sale.
  After sale has been held in proceedings to foreclose a real estate mortgage by advertisement the only relief obtainable under

the moratorium act is an extension of the period of redemption under terms to be fixed by the court within the provisions of the statute (Act No. 98, §§ 2, 4, Pub. Acts 1933, as amended by Acts Nos. 3, 158, Pub. Acts 1935, and Act No. 1, Pub. Acts 1937).

7. STATUTES—LEGISLATIVE INTENT.

The intention of the legislature based upon a consideration of the whole act should govern in its interpretation.

8. MORTGAGES—DEFICIENCY—EQUITY—JURISDICTION—MORATORIUM.

Decree providing for deficiency can be made only where foreclosure takes place in equity as moratorium statute expressly forbids the entry of a deficiency judgment or decree in proceedings to foreclose a mortgage by advertisement which have been transferred to it, no power is given court of equity to grant a deficiency where moratorium relief is sought after sale has been had in proceeding to foreclose mortgage by advertisement and court has no general jurisdiction to decree deficiencies in mortgage foreclosure proceedings (3 Comp. Laws 1929, § 14366; Act No. 98, §§ 2, 3, 4, Pub. Acts 1933, as amended by Acts Nos. 3, 158, Pub. Acts 1935, and Act No. 1, Pub. Acts 1937).

9. SAME—MORATORIUM ACTS—AMENDMENT OF DECREE.

Under the moratorium acts a trial court has power to amend its original moratorium decree but such amendments must be made within the legal limits of the statute and not in contravention thereof (Act No. 98, §§ 2, 3, 4, Pub. Acts 1933, as amended by Acts Nos. 3, 158, Pub. Acts 1935, and Act No. 1, 1937).

10. SAME—FORECLOSURE BY ADVERTISEMENT—MORATORIUM—REDUCTION OF DEFICIENCY.

Amendment of moratorium order to provide for application of such portion of payments as exceeded payments made for taxes, insurance premiums and repairs toward reduction of deficiency after sale under foreclosure by advertisement instead of reduction of amount necessary to redeem *held*, without the jurisdiction of the court of equity in which relief was sought after sale had been had (Act No. 98, §§ 2, 4, Pub. Acts 1933, as amended by Acts Nos. 3, 158, Pub. Acts 1935, and Act No. 1, Pub. Acts 1937).

WIEST, C. J., and BUSHNELL and NORTH, JJ., dissenting.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 6, 1938. (Docket No. 36, Calendar No. 39,923.) Decided June 30, 1938. Rehearing denied November 10, 1938.

Bill by Alfred T. Harrow and wife against Metropolitan Life Insurance Company, a New York corporation, for moratorium on mortgage foreclosure. From order entered modifying moratorium order, plaintiff appeals. Reversed, and previous order continued in force.

*Wilkinson, Lowther & O'Connell (Donald B. Smith,* of counsel), for plaintiffs.

*Bulkley, Ledyard, Dickinson & Wright (Charles W. Bishop,* of counsel), for defendant.

POTTER, J. Alex McLuckie and Elizabeth McLuckie, his wife, owned real estate in McMillan Grosse Pointe subdivision and May 23, 1929, executed a real estate mortgage thereon to the Union Trust Company, of Detroit, to secure a loan of $8,000. July 12, 1929, the Union Trust Company assigned this mortgage to the Metropolitan Life Insurance Company, a New York corporation. The mortgage and assignment were duly recorded. Plaintiffs allege:

"That the plaintiffs purchased the said premises in the month of December, in the year 1929, on a land contract, paying therefor the sum of $16,500, of which amount $2,250 was paid at the time of signing of said contract and the plaintiffs herein gave their vendors a 90-day note for $3,000 and assumed the mortgage of $8,000 and agreed to pay the difference between the then balance of $11,000 and the mortgage or the sum of $3,000 within 6 months from the date of the contract."

Plaintiffs occupied the premises as a homestead.

Default was made in the terms of the mortgage, defendant foreclosed by advertisement, the premises were sold at mortgage sale October 24, 1934. Plaintiffs instituted proceedings for relief under the moratorium act and October 18, 1935, an order was entered enjoining defendant from taking any action to acquire possession, fixing the fair rental value of the premises at $65 a month, directing such sum to be paid to the Greater Detroit Mortgage Corporation, defendant's agent. Plaintiffs were required to pay the water rates during the continuance of the injunction and maintain the premises in good repair. Defendant's agent was to apply the moneys it received to the payment of taxes and insurance. Any balance was to be deducted from the sum necessary to redeem (purchaser's bid at foreclosure sale, with interest at 7 per cent. per annum from date of sale, and any moneys advanced by defendant for taxes, insurance, repairs from such time). If no redemption was made, any balance was to be surrendered to it as rent for use and occupancy of said premises by plaintiffs during said moratorium. The court reserved the right to modify the order on its own or any party's motion.

May 22, 1937, defendant filed a motion to amend the moratorium order by increasing the fair rental terms to $80 a month. The order was so amended June 4, 1937. The court at this time denied a motion to amend further the first order and "to direct Greater Detroit Mortgage Corporation to pay to Metropolitan Life Insurance Company from the balance of the moneys remaining in its hands after the payment of taxes and insurance premiums the sum of $1,216.75, in satisfaction of that portion of the mortgage debt which was not satisfied by the sheriff's sale."

November 6, 1937, defendant again sought to have the original order amended substantially as requested and refused in June, 1937, and the court then so amended the order.

The trial court in effect gave defendant a deficiency decree equal to $80 a month, less the amount paid for taxes and insurance, as the rest was to be applied on the interest accrued prior to the sheriff's sale and on the principal of the mortgage, which amount in the prior order went as part payment of the amount bid at the foreclosure sale plus interest, and to defray any cost to defendant for repairs since the sale, if the plaintiffs elected to redeem. Plaintiffs contend the trial court was in error in so doing.

Defendant says:

"Sections 3 and 4 are independent legislation and neither section is prescribed or enlarged by the other. Furthermore, the order appealed from is not a deficiency judgment or decree, but a mere modification of an order extending the right to redeem, and directing the distribution of funds which were *in custodia legis* as well as the distribution of future payments."

A deficiency has been defined as "that part of a debt which a mortgage was given to secure and not realized from the sale of the mortgaged property." 1 Bouvier's Law Dictionary (Rawle's 3d Rev.) p. 817.

When the lower court ordered money to be paid to reduce the $1,216.75 debt, not included in the amount bid at the foreclosure sale, it made provision for defendant to recover in part the difference between the sale price and the actual amount of the debt. Defendant says in its brief:

"There is no prohibition against a deficiency decree, as no decree of foreclosure will or can be entered. The sole relief which can be granted under

section 4 is the entry of an order extending the time during which redemption may be made.''

Defendant further says:

''The relief in the instant case was sought and granted under section 4 of the moratorium act, which is an independent section, vesting jurisdiction in the chancery court to make an order extending the time to redeem from a sale which has been held in an advertisement foreclosure.''

The power to render a personal decree against the makers of a real estate mortgage, or against others charged with its payment, comes entirely from the statute. *Winsor* v. *Ludington,* 77 Mich. 215; *Vaughan* v. *Black,* 63 Mich. 215; *McCrickett* v. *Wilson,* 50 Mich. 513; *Kelly* v. *Gaukler,* 164 Mich. 519; *Kollen* v. *Sooy,* 172 Mich. 214. This is the general rule elsewhere. 2 Pingrey on Mortgages, § 2031, p. 1815; 3 Jones on Mortgages (8th Ed.), § 2210, p. 725; 1 Wiltsie on Mortgage Foreclosure (4th Ed.), § 411, p. 560; 2 Wiltsie on Mortgage Foreclosure (4th Ed.), § 956, p. 1211.

The statute (3 Comp. Laws 1929, § 14366 [Stat. Ann. § 27.1134]) provides:

''In foreclosure cases in the original decree therein, the court shall determine and decree as to which defendants, if any, are personally liable for the mortgaged debt, and it shall be provided in such decree that upon the coming in and confirmation of the commissioner's report of sale, if there be any part of the money decreed to be due, * * * upon the sale of the premises, the clerk of the court shall, * * * issue execution for the amount of such deficiency.''

This is the only statute which authorizes a deficiency decree.

A deficiency on the foreclosure of a mortgage by advertisement is to be recovered, if at all, by suit at law. *New York Life Ins. Co.* v. *Erb,* 276 Mich. 610.

The trial court had no general equitable jurisdiction over this deficiency in the moratorium proceedings here involved.

Sections 2, 3 and 4 of Act No. 98, Pub. Acts 1933, as last amended by Act No. 1, Pub. Acts 1937, are identical, with the exception of dates, with sections 2 and 3 of Act No. 98, Pub. Acts 1933, as amended by Act No. 3, Pub. Acts 1935 (Comp. Laws Supp. 1935, §§ 14444-2, 14444-3), and section 4 of Act No. 98, Pub. Acts 1933, as amended by Act No. 158, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 14444-4), which were effective when plaintiffs filed their bill for relief under the moratorium act.   Section 4 reads in part:

"In any case of foreclosure of mortgage by advertisement pending on June two, nineteen hundred thirty-three or thereafter commenced, in which the sale has been held but the period within which the right of redemption might be exercised has not expired, the court, upon the application of any person or persons liable upon said mortgage, or having any other mortgage or lien on, or interest in any of the real estate covered by such mortgage, may make an order extending the time within which the right of redemption might be exercised until not later than (March one, nineteen hundred thirty-seven—in the 1935 act; November one, nineteen hundred thirty-eight—in the 1937 act).   Every such order shall make provision for possession and fair rental terms as required under section two of this act."

Section 3 of the 1935 act provides for the transfer of proceedings to chancery where the mortgage is

being foreclosed by advertisement. This section provides:

"In no case where the proceedings originated by advertisement shall a deficiency judgment or decree be entered: *Provided further,* That no action shall be taken to enforce a deficiency judgment entered after January one, nineteen hundred thirty-three, or that may be hereafter entered, until after March first, nineteen hundred thirty-seven." (November first, nineteen hundred thirty-eight—1937 act.)

The affirmative restriction on the part of the chancery court to enter deficiency judgment or decree under the facts mentioned in section 3 cannot be construed as an implied authorization to enter a deficiency decree under the facts provided for by section 4.

The sale here involved was made by advertisement. It was completed and the only thing provided for by the moratorium act was an extension of the period of redemption under terms to be fixed by the court within the provisions of the statute.

The intention of the legislature based upon a consideration of the whole act should govern in its interpretation. 2 Lewis' Sutherland, Statutory Construction (2d Ed.), § 370, p. 712. The language, "In no case where the proceedings originated by advertisement shall a deficiency judgment or decree be entered," we think controlling. Decree providing for deficiency can be made only where foreclosure in equity takes place. There can be no deficiency decree where foreclosure by advertisement is had. If the mortgaged premises do not at the mortgage sale bring the amount of the mortgage, the personal liability of the mortgagor, or other persons legally liable for the mortgage debt, may be enforced by suit at law. The court has no general equitable jurisdiction to decree deficiencies in mortgage fore-

closure proceedings.   Such power is wholly statu-
tory.   There is no power vested in a court of equity
by the moratorium acts to render deficiency decree
in moratorium proceedings and the express terms of
the statute above quoted provide that "in no case
where the proceedings originated by advertisement
shall a deficiency judgment or decree be entered."
There is no question but that under the moratorium
acts the trial court had power to amend its original
moratorium decree, but such amendments must be
made within the legal limits of the statute and not in
contravention thereof.

The amendment of the moratorium order made
November 6, 1937, is set aside and the order as
amended June 4, 1937, continued in force.   Plaintiffs
will have costs.

BUTZEL, SHARPE, CHANDLER, and McALLISTER, JJ.,
concurred with POTTER, J.

NORTH, J. (*dissenting*).   For the reasons herein-
after stated the amended moratorium order of the
circuit judge made and filed November 6, 1937, from
which this appeal is taken, should be affirmed.

The record discloses that upon foreclosure by ad-
vertisement the mortgaged property was bid in by
defendant for costs of foreclosure and $8,209.97.
This amount was the total of the $8,000 originally
loaned plus $209.97 which defendant had paid for
taxes on the property.   In other words, the foreclo-
sure bid did not include anything for interest in the
amount of $1,216.75 which had accrued prior to the
mortgage sale, October 24, 1934.   After waiting prac-
tically the full year for redemption, plaintiffs herein
on October 7, 1935, instituted moratorium proceed-
ings.   A moratorium order was entered which among
other things required plaintiffs to pay as fair rental
value $65 per month beginning October 24, 1935, and

the period of redemption was extended to March 1, 1937. On June 4, 1937, the moratorium order was amended on defendant's motion, the only change made being an increase of the monthly payments from $65 to $80. Again on defendant's motion the court on November 6, 1937, amended the moratorium order and provided therein that the $80 monthly payments should be applied and distributed as follows:

"1st. To the payment of taxes and insurance premiums levied against the subject premises.

"2d. On the interest which had accrued on the mortgage to the date of sheriff's sale.

"3d. On the principal of the mortgage."

The second amended order, notwithstanding the original moratorium order had expired March 1, 1937, also extended the redemption period to November 1, 1938.

Appellants' objection to this last amended order is that theretofore the order provided, after applying the monthly payments to taxes and insurance premiums, the balance should be considered a credit to which the plaintiffs would be entitled in case they redeemed "any time prior to March 1, 1937." Such redemption was conditioned upon payment of defendant's bid at the foreclosure sale with interest to date at 7 per cent. and payment of any money advanced by defendant for taxes, insurance or repairs, but in computing the amount so due, plaintiffs were to be credited with the balance of their monthly payments after deducting therefrom moneys used in paying taxes and insurance premiums. The last amended order (November 6, 1937) deprives plaintiffs of the right to have this balance of their monthly payments applied as a credit on the amount otherwise required to be paid for redemption. The controlling question is whether the circuit judge in thus

modifying his former order was guilty of an abuse of discretion. We think not.

Under the circumstances of this case in making either of the preceding orders the circuit judge might have required plaintiffs to pay the stipulated monthly amounts as "fair rental terms." Except as in the exercise of his discretion the circuit judge saw fit so to do, he was in no way obligated to include in the order a provision for a credit item on the amount that otherwise would be required of plaintiffs to redeem. However, in the first order entered the circuit judge saw fit to give plaintiffs the benefit of such a provision. Plaintiffs did not comply with the terms of the first moratorium order by redeeming "prior to March 1, 1937." Instead, months later (November 6, 1937) the question of what would constitute a proper amended order was before the court. Upon considering the matter the court gave plaintiffs additional relief by extending the period within which they might redeem from March 1, 1937, to November 1, 1938,—20 months. At the same time he deleted from his earlier order the provision that plaintiffs should have credit for their monthly payments thereafter made under the terms of the moratorium order. There is no complaint concerning the action of the circuit judge in fixing the fair rental value of the property at $80 per month; and obviously it was within his power to require plaintiffs to make these monthly payments direct to defendant without any qualification or limitation as to any application of such payments favorable to plaintiffs. But instead of so providing, the circuit judge ordered that any excess of such payments over the amount necessary to meet taxes and insurance should be credited in plaintiffs' favor on the $1,216.75, which it seems to have been assumed plaintiffs might be obligated to pay defendant as the balance due on the mortgage

debt over and above defendant's bid at the foreclosure sale. Such a provision as to the application was to the advantage of the plaintiffs, as compared to an order which the circuit judge might have made for monthly payments direct to defendant without specifying any application of the money so paid.

In view of the fact that the amount bid at the foreclosure sale was $1,216.75 less than the actual amount then due under the mortgage, it cannot be said the circuit judge was guilty of an abuse of discretion in not including in his amended order a provision for credit of future monthly payments on the amount necessary to redeem. A theoretical construction of this order that it is in effect a judgment for deficiency should not be allowed to interfere with the exercise of discretion with which the circuit judge is vested under the terms of the mortgage moratorium statute. Notwithstanding this final amended order, plaintiffs still had the right to redeem for the amount bid at the mortgage sale plus accrued interest thereon, which amount was several hundred dollars less than the actual mortgage debt. They were in no way compelled by this amended order to pay a deficiency decree or judgment, and the court's order should not be so construed. Instead the court fairly and reasonably exercised its discretion by requiring the continuance of monthly payments by plaintiffs at a fair rental value as a condition of extending the period of redemption for 20 months. We find nothing in this record justifying the conclusion that in so ordering the circuit judge was guilty of an abuse of discretion. The order should be affirmed, with costs to appellee.

WIEST, C. J., and BUSHNELL, J., concurred with NORTH, J.