## WILLARD *v.* LONGSTREET.

The provision of the act of 1841, (S. L. 1841, p. 45, §§1, 2,) prohibiting the sale of property on execution, unless it will bring two thirds of its value, as appraised by three disinterested freeholders, so far as it applies to the remedy to enforce pre-existing contracts, is unconstitutional and void.

But where an appraisal and sale of real estate was made under the provisions of this act, by virtue of an execution on a judgment upon contract rendered before the act took effect, and the plaintiff in the execution participated in the appraisal, and purchased the premises on the sale, at a sum exceeding two thirds their appraised value, *Held*, that the plaintiff's rights not being affected by the appraisal, the sale was valid, and conveyed a good title.

A sheriff will not incur the penalty under R. S. 1838, p. 324, §5, for selling real estate without giving the notice required by law, if the sale be void in consequence of the unconstitutionality of the law under which it was made.

CASE reserved from Kalamazoo Circuit Court. This was an action of debt, brought by Willard to recover from Longstreet the penalty of $1000, for which R. S. 1838, p. 324, §5, provides that any sheriff, who sells real estate under execution, without giving notice of the sale in the manner required by the statute, shall be liable. The case was this:—By virtue of an execution issued out of the Supreme Court, Sept. 2, 1840, on a judgment in favor of Isaac W. Skinner and others, against Willard, the plaintiff in this suit, and one Gremps, and directed to the sheriff of Van Buren county, Longstreet, the defendant, as such sheriff, on the ninth day of December, 1840, levied upon certain lands of Willard, and advertised that they would be sold at a certain time and place, by virtue of the execution, but posted up notices of the sale, in only *one* public place in the township where the lands were situated and were to be sold, whereas the statute, (R. S. 1838, p. 323, §2,) required that such notices should be posted up in *three* public places in such township.

Under the statutes in force when the execution was is-

sued and the levy made, the sheriff was required to sell real as well as personal property levied upon, to the highest bidder, however much less than its value might be bid for it; and, on sale of real estate, he was required to execute to the purchaser a certificate of sale. This certificate entitled the purchaser to a deed, at any time after the expiration of the period within which the judgment debtor was permitted to redeem, which was two years. R. S. 1838, p. 323, ch. 3. S. L. 1839, p. 220, §15.

But before the sale took place, the acts of 1841, relative to the sale of real and personal estate on execution, were passed and took effect. These acts, while they left in force that portion of the former statute on the same subject which regulated the manner of giving notice of the sale of real estate, (R. S. 1838, p. 323, ch. 3,) provided that no sheriff should make sale of any real or personal estate upon any execution, until the same was appraised by disinterested freeholders, in the manner therein provided; and prohibited the sale of any such real or personal estate, for any sum less than two thirds of its appraised value. These acts also provided that a deed of real estate sold on execution should be executed by the sheriff to the purchaser immediately after the sale, and limited the time within which the judgment debtor was permitted to redeem premises sold, to six months. S. L. 1841, pp. 45, 150.

By direction of Skinner and others, the plaintiffs in the execution, the lands levied upon as above mentioned, were appraised and sold, in pursuance of the provisions contained in the acts of 1841 last cited. The sale took place December 4, 1841. Skinner and others were the purchasers of the premises, having bid for the same twenty-five cents more than two-thirds of their appraised value; and, on the completion of the sale, Longstreet, as sheriff, executed to them a deed, which was recorded July 20, 1843.

Upon these facts which appeared on the trial, the court

below directed a non-suit.   A motion to set aside the non-suit was afterwards made, and the following questions arising thereon, were reserved by the Presiding Judge for the opinion of this court.

1. Can the defendant avail himself, in defence of this action, of the unconstitutionality of the acts of 1841, under which the sale was made?

2. The plaintiffs in the execution, having participated in the appraisal and sale, and having bid off the premises, and accepted and recorded the deed of the same, did not the title pass to them by the sale, notwithstanding the unconstitutionality of the acts of 1841; and so the defendant become liable for the penalty, to recover which this action is brought?

3. Was it necessary that the title to the premises should have passed by the appraisal, sale and deed, in order that the defendant should have become liable for such penalty?

4. The premises having been sold for twenty-five cents more than two-thirds of their appraised value, was the sale in any manner affected by the acts of 1841?

*Chas. E. Stuart* and *S. Clark*, for the plaintiff.

*Chipman*, for the defendant.

GOODWIN, J., delivered the opinion of the Court.

The main question arising upon the case, and presented for our opinion and decision, is, whether the proceedings of the sheriff in selling the property were void, and the defendant, consequently, relieved from the penalty provided for not giving the notice required by the statute.   It is insisted that the proceedings were invalid in consequence of the acts of 1841, relative to sales upon executions, being, as alleged, unconstitutional and void.

It is to be observed that the acts of 1841 do not repeal the provisions of the Revised Statutes of 1838, in regard

to the advertisement and sale, but are merely amendatory of them ; providing for an appraisement of the property, and inhibiting any sale for less than two thirds of the appraised value. These several statutes are *in pari materia*, and to be construed together. The acts of 1841 are not absolutely and entirely null and void. So far as they conflict with the clause of the constitution of the United States, inhibiting State Legislatures from passing laws impairing the obligation of contracts, they are invalid and inoperative.

In the case of *McCracken* v. *Hayward*, 2 Howard, 608, and *Bronson* v. *Kinzie*, 1 Howard, 311, it was held that, in respect to previous contracts, they are invalid, inasmuch as they deprive the creditor of the remedy, for violation of the contract, which existed when the contract was entered into ; and of the rights possessed under the then existing law. By the provision of the constitution, as interpreted by those decisions, the plaintiffs in the execution might have insisted upon an absolute sale of the property seized upon the execution, without regard to the acts of 1841, or any appraisement under them. In this case, it appears that an appraisement was had, and the plaintiffs became the purchasers, at a sum exceeding two thirds of the appraised value of the premises. The effect is as if there had been no appraisement, and they having become the purchasers, can make no complaint. They, in fact, directed the proceedings. If there had been no sale, or bid for two thirds the amount at which the premises were valued, they might have insisted that the property should be sold absolutely, to the highest bidder, irrespective of the appraisement ; and if the sheriff had refused so to sell, have applied to the Court for an order upon him to do so, as was done in the case of *McCracken* v. *Hayward*. But, having bid off the property, their rights have not been impaired by the appraisement, nor is the title affected by it.

This view of the principal question is an answer to the

two first and fourth questions presented to us in the case, in favor of the plaintiff; and renders it unnecessary to decide the third.   Upon that, however, which is, whether, to subject the sheriff to the penalty, it is necessary that the title should pass by the sale, I would add that it seems to me very obvious that if the sale were void, so that no title could pass by it, it was the same as if there were no sale, and no penalty could attach.   It should be remarked, however, that the questions presented in respect to the title, only relate to it so far as it may be affected by the appraisal, and the acts under which it was made ; and to them our answer is confined.   The first and fourth questions proposed to us, then, should be answered in the negative, and the second and third, in the affirmative; and it should be so certified to the Circuit Court for the county of Kalamazoo.

*Ordered certified accordingly.*