BLEAKLEY *v.* OAKWAYNE FARMS CO.

1. EQUITY — JURISDICTION — MORTGAGES — FORECLOSURE — DEFICIENCY—STATUTES.

Jurisdiction of equity in proceedings to foreclose mortgage, including right to decree for deficiency is governed entirely by statute (3 Comp. Laws 1929, §§ 14364–14380).

2. MORTGAGES—FORECLOSURE—DEFICIENCY—SALE.

Deficiency decree in mortgage foreclosure proceedings may be had only after sale and report thereof.

3. SAME—FORECLOSURE—STATUTES.

Trial court has no power under statutes pertaining to foreclosure of mortgages to set aside, alter or impair mortgage contract, fix upset price, appraise property and direct that appraised value be applied on debt at sale, nor prevent sale as provided by statute by adjournment without cause (3 Comp. Laws 1929, §§ 14364–14380).

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted October 10, 1933. (Docket No. 50, Calendar No. 37,378.) Decided December 5, 1933.

Bill by Lizzie Bleakley against the Oakwayne Farms Company and the Troyoak Land Company, Michigan corporations, to foreclose a real estate mortgage. Decree for plaintiff. From order amending original decree and from supplemental decree fixing minimum sale price, plaintiff appeals. Reversed, and original decree re-established.

*Patterson & Patterson,* for plaintiff.

*Robert E. Barber* (*Austin & Newman,* of counsel), for defendants.

POTTER, J. Upon a bill to foreclose a real estate mortgage a final decree was entered October 24, 1932, for $48,000 principal and $7,318.80 interest. Troyoak Land Company purchased the premises of the Oakwayne Farms Company and assumed and agreed to pay the mortgage. Defendants were by decree to pay the mortgage, interest and costs on or before November 4, 1932, in default of which the lands were to be sold at circuit court commissioner's sale, purchasers be let into possession, and decree for deficiency, if the sale price was insufficient to satisfy the mortgage, interest and costs, was authorized. April 21, 1933, defendants filed a petition stating a commissioner's sale of the premises was set for April 22, 1933; that plaintiff intended to bid in the property at a nominal price, grossly inadequate and far below the real value of the property; there was a complete absence of market for real estate, no competitive bidding at sales and no method of determining the true value of the prop-

erty; and it was necessary for the court to hold a hearing, take testimony and determine the value of the real estate and fix a minimum upset price at which the property could be sold at commissioner's sale; that if plaintiff was allowed to bid in the property at a grossly inadequate price and take deficiency decree, a grave injustice would be perpetrated. They asked a date be set for hearing, that testimony to determine the minimum price at which the property be sold be taken, the sale be adjourned pending the hearing of the petition and the decree be amended to insert therein a minimum upset price at which the property could be sold and if such property was sold, such minimum selling price in any event be credited as payment on the mortgage, and for other relief. The sale was adjourned. The petition was heard, and May 18, 1933, several weeks before the effective date of Act No. 229, Pub. Acts 1933, the relief prayed for by defendants was granted. Plaintiff appeals.

The trial court found the allegations in defendants' petition were true; the fair market value of the property should be at least the unpaid principal balance due on said mortgage at the approximate amount of $320 an acre or a total of $48,000, exclusive of unpaid taxes, and ordered:

(a)   "That said lands, covered by said mortgage and as described in the amended bill of complaint and decree should not be sold for less than the sum of $48,000, exclusive of unpaid taxes."

(b)   "If it shall appear from the commissioner's report that such price of $48,000, exclusive of unpaid taxes, cannot be realized, the commissioner is hereby directed to adjourn said sale for a period of six months, unless sooner ordered by the court, upon payment by the defendants of all costs of the com-

missioner in connection with such sale and adjournment.''

(c) ''Plaintiff may apply to this court for an order for the appointment of a receiver to take charge of said mortgaged premises and collect the rents and income therefrom, and after deducting reasonable expenses of said receivership and the maintenance of said mortgaged premises, to apply the remainder upon the indebtedness secured by said mortgage.''

(d) ''Plaintiff shall have eight days from the date of this order within which to accept or reject the above determination of a minimum price of sale; provided that her failure to file and serve written rejection thereof within said time shall be deemed an acceptance of such determination.''

(e) ''Upon such commissioner's sale being completed, not less than said sum of $48,000, exclusive of unpaid taxes, or such other sum as the court may determine as the minimum selling price, as hereinbefore provided, shall be credited on the indebtedness owing by these defendants as heretofore determined in the decree in this cause.''

(f) Nothing was said of additional taxes to accrue, insurance premiums to be paid, and interest charges to accumulate.

(g) As a condition precedent to an authorized receivership the plaintiff must apply therefor and the cost and expense of collecting the rents, income and profits therefrom and deducting the reasonable expenses of the receivership and the maintenance of the premises, must be borne by the mortgagee.

The premises consist of a farm of 150 acres, and during the mania for speculation in real estate which has now somewhat subsided but which reached heights of inflation limited only by fertility of imagination, this farm was sold for $64,500 in

cash and promises,—$16,500 in cash, and $48,000 in promises, secured by a purchase-price real-estate mortgage thereon. Plaintiff was to remain in possession until the purchase price was reduced to $40,000. In the 17 years since the farm was sold it has not been so reduced. Delinquent taxes have accumulated in the sum of $7,695.96. Plaintiff sought to foreclose. Competent men, familiar with real estate values about the place where the farm is located, fixed the value at from $75 to $125 an acre. One thought it might bring $125 an acre if $6,000 to $8,000 was expended thereon for improvements. Others thought the maximum price was $100 an acre. Others fixed the value at $400 an acre, $600 an acre, and claim it was once worth $1,600 an acre. It was assessed for $185 an acre, but the taxes were not paid. The trial court on this testimony fixed an upset price of $48,000 and provided if the premises were sold, not less than the sum of $48,000 exclusive of unpaid taxes be credited on the indebtedness owing by defendants.

The foreclosure of real estate mortgages in this State is governed by 3 Comp. Laws 1929, §§ 14364–14380.

"The jurisdiction of equity in foreclosure proceedings is purely statutory." *Kollen* v. *Sooy,* 172 Mich. 214.

"In this State, the jurisdiction of equity in proceedings for the foreclosure of mortgages is governed by statute." *Union Trust Company* v. *Detroit Trust Co.,* 243 Mich. 451.

"This court has held that foreclosure of mortgage is not a matter of general equitable cognizance, but a statutory proceeding." *Janower* v. *Sibley Lumber Co.,* 245 Mich. 571.

Proceedings for decree for deficiency may be had only after sale and report thereof. The right to a decree for deficiency is based entirely upon statute. *Johnson* v. *Shepard,* 35 Mich. 115; *Howe* v. *Lemon,* 37 Mich. 164; *Gies* v. *Green,* 42 Mich. 107; *Mickle* v. *Maxfield,* 42 Mich. 304; *Ransom* v. *Sutherland,* 46 Mich. 489; *McCrickett* v. *Wilson,* 50 Mich. 513; *Vaughan* v. *Black,* 63 Mich. 215; *Shelden* v. *Erskine,* 78 Mich. 627; *Kelly* v. *Gaukler,* 164 Mich. 519; *Kollen* v. *Sooy, supra.*

The statutes of this State regulating foreclosure of real-estate mortgages conferred no power or authority upon the trial court to set aside, alter or impair the mortgage contract; fix an upset price on the mortgaged premises; appraise the mortgaged property and direct the mortgagor credit on sale at least the appraised value of the property upon the mortage debt; prevent the sale of the mortgaged premises as provided by statute by adjournment without cause. If they did so they would violate both the Constitution of this State and the Constitution of the United States. *Willard* v. *Longstreet,* 2 Doug. 172; *Mundy* v. *Monroe,* 1 Mich. 68; *Blackwood* v. *Van Vleet,* 11 Mich. 252; *Edwards* v. *Kearzey,* 96 U. S. 595; *Daniels* v. *Tearney,* 102 U. S. 415, 419; *McCracken* v. *Hayward,* 2 How. (43 U. S.) 608; *East Tennessee, V. & G. R. Co.* v. *Frazier,* 139 U. S. 288 (11 Sup. Ct. 517); *Hooker* v. *Burr,* 194 U. S. 415, 420 (24 Sup. Ct. 706).

The supplemental decree of the trial court is set aside, the original decree re-established, with costs, and the cause remanded to the trial court.

McDONALD, C. J., and WEADOCK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.